1805.

## Nichols *v.* Blakeslee.

In the original action,

REUBEN BLAKESLEE, *Plaintiff;* JOHN NICHOLS, *Defendant.*

Where by the terms of a contract, one party is to execute a deed to the other, precedent to a duty to be performed by the latter, it is sufficient, in action by the former, for the non-performance of that duty, to state, that he made out and tendered such a deed as the contract contemplated, in every way legally authenticated, without reciting the deed *in hisce verbis.*

Where by the terms of a contract, an act is to be done within a reasonable time, an allegation, that it was done within a reasonable time, to wit, on or about such a day, is sufficient.

THIS was an action of debt, to recover a sum stipulated, in a written submission to arbitration, to be paid as a penalty for non-performance of the award.

The submission was of a controversy respecting the title to a piece of land ; and contained an agreement between the parties, that if the arbitrators should find the title to be in *Blakeslee,* they should appraise the land,—*Blakeslee* should, within a reasonable time, execute a deed of it to *Nichols,*—and *Nichols* should thereupon give his note to *Blakeslee* for the amount of the appraisal,—on penalty of fifty dollars, to be paid by *Blakeslee,* in case of his failure to execute such deed within a reasonable time, and by *Nichols,* in case of his failure to give such note on *Blakeslee's* executing the deed. The arbitrators met, awarded in favour of *Blakeslee,* and appraised the land. The declaration then averred, that *Blakeslee,* " within a reasonable time, to wit, " on or about the first day of October, 1799, made out and " executed a good warrantee deed of said land, every way " legally authenticated," (of which a profert was made ;) that he tendered it to *Nichols,* and demanded his note ; but that *Nichols* refused to receive it, or to give his note, or to do any thing under the submission.

The defendant, in his plea, denied the tender of the deed ; on which issue was joined ; and a verdict found for the plaintiff.

The defendant then moved in arrest, for the insufficiency of the declaration ; which motion was over-ruled, and judgment rendered for the plaintiff. The defendant then brought

a writ of error to the Superior Court, who affirmed the judgment of the County Court.

*Edwards*, (of New-Haven,) and *Staples*, for the plaintiff in error.

1. The deed, which the defendant in error alleges he made, and tendered to the plaintiff in error, ought to have been recited in the declaration. The averment relative to it, that *it was a good warrantee deed, in every way well executed*, and the profert of it, are insufficient, and do not help out the defect complained of.

The English rule on this subject is well settled. It is, that wherever a party is under a covenant to make out, execute, and deliver any known legal instrument, as a release, deed, &c. he must, in his declaration, after averring a performance of that covenant, shew how he has performed it, and set forth the instrument in *hisce verbis*, that the court may see, that the instrument executed, and tendered, comports with the covenant ; for whether it comports with, and is a fulfilment of the covenant, is a question of law, and must be decided by the court. It is not a mixed question of fact and law ; for the fact, whether such a deed was in fact made and tendered, is very distinct from the question, whether the instrument is a fulfilment of the covenant. The former is a mere question of fact, and is to be tried by the jury ; the latter a sheer question of law, and is to be tried by the court. (*a*)

Is there any reason why our courts should depart from these well known principles of the common law ? Is not the reason of the rule sufficient to evince its propriety ? Is it a proper question to be committed to the jury, whether a certain instrument is a fulfilment of a certain specified

(*a*) 2 *Salk.* 498. *Gilbert's Eq. Rep.* 253. *Cro. Jac.* 165, 363. 1 *Leonard* 71,2. 6 *Vin. Abr.* 467.

1805.

NICHOLS
*v.*
BLAKESLEE

covenant? The question is not put to the jury, even in our courts.

But it is objected, that we have two modes of declaring on written contracts, one according to their *legal effect* ; the other, by setting forth the instrument at large.

This practice is not peculiar in our courts. It has ever been the practice of good lawyers and pleaders in this country, and in the British courts ; and yet in England, it was never thought a reason why an instrument, made in fulfilment of a covenant should not be set forth in *hisce verbis.* There never was a practice of declaring summarily on such instruments.

This case is one to which the principle does not apply. Here is no declaring upon an instrument. It is setting forth a covenant ; and the instrument containing the covenant, is the instrument declared upon. To shew, that the plaintiff has fulfilled the covenant, it becomes necessary for him to shew *how* he has done it ; or what he calls fulfilling the covenant. Can he do this, without placing upon the record the instrument, that the court may compare it with the covenant, and see whether it is a fulfilment of it ?

Again, it is said, that all the allegations relative to the deed are mere surplusage, and may be rejected, as the defendant wholly refused to abide by the award, or have any thing to do with it ; and the case of *Jones* v. *Barkley,* (b) is cited. In that case, the plaintiff offered and tendered the release, and shewed the defendant the draft, and the defendant said he could not accept it ; and, in his plea to the action, alleged, that the release was not executed. This principle is undoubtedly correct; and it is this, and precisely this, that Lord MANSFIELD decided. He would not permit the defendant now to say, that the reason why the plaintiff should not recover, was, that the release was not executed ; when

(b) *Doug.* 684.

he alone prevented the release from being executed. In this case, *Nichols* does nothing, that in the opinion of the plaintiff, at all excused him from making out a deed; for he says, he made out a deed in due form, tendered it, and it was not only refused, but the defendant said he would have nothing to do with the award. Will it be contended, that *Blakeslee* could recover, after the award was made, the fifty dollars, the price of this land, by alleging, and proving only, that *Nichols* said, when the award was published, and at other times, that he would have nothing to do with it? Could *Blakeslee* recover the value of the land, without at least offering to make him a title. This is not like the case of a release, where the payment, or act done, completes the settlement and discharge, whether a release is made or not. In this case, a recovery by *Blakeslee*, of the value of the land, of *Nichols*, would not vest a title in *Nichols*, but still leave it in *Blakeslee*. To test this; suppose after a refusal, on the part of *Nichols*, to abide the award, and on this ground, a recovery by *Blakeslee*, for the fifty dollars, and *Nichols* should go to *Blakeslee*, and demand a deed of the land; must not *Blakeslee* give him a deed, and cannot he compel him to do it? But if *Nichols's* refusal was a release of that right to *Blakeslee*, he could not compel him to give the deed.

Again, it is said, that these are mutual covenants, and *Blakeslee* might recover of *Nichols* without making, or tendering any deed. It would be a strange construction of their contract, that *Blakeslee* might sue *Nichols*, and recover the value of this land, before he even offered to make him a title. Is *Nichols* to pay the money, and then trust to the honesty of *Blakeslee* to make him a good title, or to the success of a law-suit to get a title (c). But what is a decisive answer to this argument, is, that the contract, in terms, expressly negates this supposition. It is that on making out a deed, *Nichols* shall give his note.

(c) See Lord MANSFIELD's opinion in *Doug*. 684.

As a general rule, it is much safer for courts to take declarations as they find them, and adjudicate accordingly. To undertake the business of pruning declarations, and seeing how little might have been said, is not judicious, nor safe.

2. It appears, that this tender was made *on or about* the first day of October following the month of May, when this deed was to have been tendered. We contend, that in this case, the time is material ; and if so, the expression, *on or about* is insufficient, and bad even after verdict, if under that the plaintiff might prove any reasonable time ; because, as it stands, it is no allegation relative to the time. It is no more than if the plaintiff had said, he made and tendered the deed in *a reasonable time ;* and this manifestly would not be a traversable allegation. If not, it certainly is bad. We contend, that by the contract, the time was material ; and that in the declaration, it ought to have been explicitly stated, that we might come prepared to prove, that at that time, no deed was tendered.

*Smith*, (of New-Haven,) and *Bronson*, for the defendant in error.

1. The first exception taken to the declaration, is, that the deed mentioned therein ought to have been set forth at large.

When the action is founded directly on a written instrument, it is sufficient to declare upon it, according to its substance and legal effect. This is held to be the better method. In this way of declaring, many technical objections, on account of misreciting the words of the instrument, are avoided ; and it saves the parties the expense of unnecessarily long declarations. (*d*)

(*d*) *Cowp.* 665, *Dundass* v. *Weymouth.* *Cowp.* 727, *Price* v. *Fletcher.* *Doug.* 665, *Bristow* v. *Wright.*

Further, every reason will apply with equal force, in favour of this mode of declaring, in cases where the written instrument declared on, is collateral to the principal undertaking. It would seem strange, that more nicety is required in matters, which are collateral, than in those which form the gist of the action. The cases cited, to support the position assumed by the gentlemen opposed to us, are old, and loosely reported. They do not inform us, the reasons on which they are founded. If the remark of Lord MANSFIELD is correct, that it is the *reason* of cases which makes law, the cases cited against us deserve little or no attention. The rule, for which we contend, makes the system of pleading uniform; and disentangles it from nice distinctions, without a sensible difference. In the present instance, we have declared, that we made out, and tendered a good warrantee deed, every way legally authenticated, and have then made a profert of it in court. The adverse party is entitled to oyer before pleading. The deed is made part and parcel of the record. It cannot be pretended, but that *Nichols* has every advantage, to which he would be entitled, either in justice, or legal nicety, were the deed, *in hisce verbis*, spread upon the record.

2. The other exception is, that the allegation as to the time when the deed was made out and tendered, is not sufficiently precise.

It is stated, that the deed was made and tendered in a reasonable time, to wit, on or about the 1st of October, 1799. The reasonable time, is all that is material about the tender; which is not traversed in the plea, and so stands confessed. In every case, where the day does not make a part of the contract, the day laid is not material. (*e*) The day stated, on which the tender was made, is totally immaterial; and it would have been competent for us, under this declaration, to have proved a tender, on the next day after the arbitration was held.

(*e*) 2 *Stra.* 806, *Matthews* v. *Spicer.*

If, however, it should be considered, that we are bound down to the day laid in the declaration ; still we say, that reasonable time is matter of fact, and depends upon all the circumstances attending the case ; which cannot appear upon the declaration. The question of law cannot arise, till all the circumstances are made to appear. (*f*) It does not appear, whether *Blakeslee* or *Nichols*, at the time the arbitration was held, were at Waterbury, or a thousand miles distant ; and what might be a reasonable time, for a person under some circumstances to make out and tender a deed, would be much too short a period for a person under different circumstances.

We contend further, that *Blakeslee* was under no obligation, to execute or tender any deed whatever. It is stated in our declaration, that *Nichols*, when the deed was tendered to him, and at all times since, neglected and refused to receive it ; or to give his note ; or to do any thing under the submission or award. If *Nichols*, then, has not a deed, it is his own fault. His saying, that he would have nothing to do with any thing under this submission, is a complete discharge to *Blakeslee* from proceeding any further, towards making a title to the land in *Nichols*. Lord MANSFIELD, in the case of *Jones* v. *Barkley*, (*g*) says, that if one party stops the other, on the ground of an intention not to perform his part, it is not necessary for the first to go further, and do a nugatory act.

BY THE COURT, unanimously,

The judgment was affirmed.

(*f*) 1 *Term Rep.* 167.
(*g*) *Doug.* 684.