## JONATHAN STANLEY vs. THEOPHILUS STANLEY.

*A.* having certain securities in his hands, promised *B.* that whenever *B.* should procure and offer reasonable and satisfactory bonds for the support of the parents of *A.* and *B.*, *A.* would make over said securities to *B.* *B.* procured a draft of a bond, in which he was named as principal, and *C. D.* and *E.* as sureties, with condition that the obligors should support the said parents at their own houses, which draft *B.* and his sureties offered to execute; but *A.* declared he would not accept it, if executed: it was held, that the bond, if executed and delivered, would not have been performance of the condition precedent.

It was also held, that if the bond had been such as the contract required, *B.* must have been considered as having done all he was under the circumstances bound to do towards performing the condition.

THIS was an action of assumpsit, founded upon a contract in writing as follows :

"*Hopkinton, Dec.* 14, 1811. Know all men by these "presents, that whereas *Jonathan Stanley* was holden and "bound to me by certain bonds and mortgage of certain "land, and that by mutual consent of the parties, I have "sold said land, and received security in my own name : "I, therefore, by these presents, am holden and bound to "the said *Jonathan*, whenever he shall procure and offer "reasonable and satisfactory bonds for the support of our "parents, to make over said security to his order, reserving, "however, such sum or sums as may appear to be my due.

                                        " THEOP. STANLEY."

The cause was tried here at October term, 1820, upon the general issue. The making of the contract was admitted. The plaintiff shewed in evidence, that he procured the draft of a bond, in which he was named as principal, and *A. D., S. D.* and *S. C.* as sureties ; with condition, that the obligors should support the parents of the plaintiff and defendant at the houses of the said obligors ; that the plaintiff with his said sureties went to the defendant, and all offered to execute the draft, and deliver it to the defendant. But the defendant declared that he would not receive the bond if executed, because the condition was to support the said parents at the houses of the obligors, and not generally to support them wherever they might be. The sufficiency of the bond in other respects was not contested.

A verdict was taken for the defendant, subject to the opinion of the court upon the case above stated.

*J. Harris*, for the plaintiff.

*Harvey*, for the defendant.

WOODBURY, J.  The procurement by the plaintiff " of " reasonable and satisfactory" bonds to the defendant, for the maintenance of their parents, was a condition precedent to any action on the special agreement.  The plaintiff must, therefore, show a procurement of such bonds, or a waiver of it by the defendant.  But the bond, which, in this case, the plaintiff was about to tender, did in fact appear unreasonable and unsatisfactory to the defendant ; and the first question is, whether it ought to have appeared otherwise. Of this, neither the defendant nor the jury are conclusive judges, as hath been contended ; for " reasonableness in " these cases," says Lord Coke, " belongeth to the knowl- " edge of the law, and is therefore to be decided by the " justices."  *Co. Litt.* 56 *b.*, 59 *b.*, 62 *a.*—3 *Mass. Rep.* 670. —6 *East* 12.—*Willes* 204.—5 *Mass. Rep.* 494.—9 *John.* 336, 356.—10 *ditto* 466.—11 *ditto* 191.—8 *ditto* 257.—2 *Com. C.* 451.—*Com. Di.* " *Temps.*" *D.*

Whatever bond, considering the nature of the contract, the relation of the parties, and the terms of the agreement, would comport with the spirit of the whole undertaking, ought then, as it would be " reasonable" and legal, to be also " satisfactory."  For this last word only implies, that the bond should be in such form as would satisfy a prudent and candid man.  *Pothier on Ob. No.* 48.—2 *John.* 395, 483, *Folliard vs. Wallace et al.*

Here the proposed sureties were responsible, the houses specified for the residence of the parents were comfortable, and the bond, so far as regards the parents themselves, in every respect reasonable.

But it is to be remembered, that this is not a bond between a son and a parent for the maintenance of the latter. The parties are both sons.  The parents were indigent. The obligee, being in affluent circumstances, was by law liable for their support.  The obligor was not affluent, but was to receive funds from the other son, and in consequence

Stanley
*vs.*
Stanley.

of it exonerate him from any farther burthen for their support. To effect that object the bond was to be executed; and unless its form would enable the obligee to obtain complete indemnity for any relief he might afterwards be compelled to furnish the parents, he would part with his funds for mere moonshine, and the whole design of the special contract might be defeated. The form of the bond which was procured, would not, however, effect this object. It only stipulated to maintain the parents at three or four specified places, and not to pay for their maintenance generally, or in places where they might happen to be and to need legal assistance. In respect to the parents, they could not complain, if well supported at the places specified; but the obligee might well complain, if the father or mother, committed to jail, or voluntarily removing elsewhere, should be relieved by the town, and the expense be recovered from the obligee without any remedy over upon the plaintiff and his sureties.

We think, therefore, that the form of the bond was not "reasonable and satisfactory;" and consequently, that the defendant was warranted in his refusal to accept it. He did not waive the objections to it on this ground; though from the weight of testimony in the case he probably waived other objections that the bond was not actually signed and sealed. It is doubtless law, that the performance of a condition precedent may be waived, either by being excused or prevented.(1) But, unless waived, it is apparent, from an examination of the cases, that an obligation to procure a deed or bond is not fulfilled, without an actual signature and sealing of the instruments. *5 Mass. Rep.* 69.—10 *John.* 266.—8 *ditto* 257.—13 *ditto* 359.—8 *D. & E.* 358.—2 *Saund.* 352, *b.*—*Hob.* 69, 77, *Austin vs. Jervaise.*—2 *Rolle* 238.

Thus the declaration in this case states, that the bond was *executed* and tendered. So in *Allein vs. Randall,*(2) "He "ought to have shown, not only that he *asportavit B. fore obli*- "*gatum;* but to have alleged, *in facto,* that he and *B.* became "bound and *obtuleret se ipsos obligari.*" *Com. Di. Pleader,* C. 58, 60.—2 *Day* 218.

(1) 1 Tidd 386
1 Ch. Pl. 317.

(2) Yelv. 49.

Although here may have been a waiver of the signature and sealing by declining the offer to perform them ; for an offer to assign an equity of redemption suffices,if the promissee expressly excuse the promisor from executing an assignment : *Doug.* 689, *Jones vs. Barkley.*—1 *Roll. Ab.* 453.—1 *Caine's Rep.* 45. Yet it is to be remembered,that the present defendant excused only the signature and sealing, and that an excuse is never construed to extend beyond the particulars explicitly named. Thus a tender of bills instead of specie is not valid, unless the obligee expressly waive any objection to the want of specie.(1)   So an obligation to procure a marriage is not fulfilled without an attempt to effect it,though the obligee, as a preventive, threaten the person with whom he is to be married.(2)   The promissor must do every thing in his power, which is not expressly excused or prevented ; and then only is the condition precedent performed.   He has not done so much in this case ; for he might have procured a bond in a different form ; and the defendant excused nothing save the execution of the bond.

(1) Doug. 694, Buller, J.—1 Equ. C. Ab. 318.

(2) Cro. Eliz. 694.

RICHARDSON, C. J.   The stipulation on the part of the defendant was to be performed, whenever the plaintiff should procure and offer reasonable and satisfactory bonds for the support of the parents of the parties.   We entertain no doubt that the intention of the parties was, that the plaintiff should not only procure and offer, but actually give bonds before the defendant was to be bound to perform the part of the contract by him to be performed ; and we are clearly of opinion, that no action can be maintained upon the contract without shewing a performance, or a sufficient excuse for the non-performance of this condition precedent.   *Willies* 157, *note.*—*Laws' Pl. in Assumpsit* $\frac{166}{199}$,—2 *Bos. & Pul.* 447, *Waterhouse vs. Skinner.*—7 *D. & E.* 125, *Morton vs. Lamb.*—1 *Saund.* 320, *note* 4.—6 *D. & E.* 665, *Porter vs. Shepherd.*—1 *Hen. Black.* 270, *St. Albans vs. Shore.*—4 *D. & E.* 761, *Goodisson vs. Nunn.*—1 *East* 203, *Rawson vs. Johnson.*—5 *John.* 179, *West vs. Emmons.*—6 *East* 555, *Martin vs. Smith.* —2 *John.* 209.—8 *D. & E.* 366, *Glazebrook vs. Woodrow.*—

Stanley
*vs.*
Stanley.

15 *Mass. Rep.* 500.—2 *Hen. Black.* 123, *Phillips vs. Fielding.*
—12 *John.* 209, *Porter vs. Rose.*

No bond has been given by the plaintiff to the defendant. The question then is, has the plaintiff shewn a sufficient excuse for this omission ? He procured a bond to be drawn, and he procured sufficient sureties ; and he and his sureties offered to execute the bond and deliver it to the defendant. But the defendant said that he would not receive the bond if executed. I am of opinion, that if the bond was such as the contract required, the plaintiff did all he was under the circumstances bound to do towards the performance of the condition. When the defendant declared that he would not receive the bond, if executed, he in effect discharged the plaintiff from executing it, and is not now at liberty to object that the bond was not executed. This point was expressly decided in the case of *Jones vs. Barkley.*(1)

(1) Doug. 684.

But was the bond, which was tendered, sufficient ? The contract was, that the plaintiff should give reasonable and satisfactory bonds for the support of the parents of the parties. The plaintiff and defendant, if of sufficient ability, were by law bound to support their parents when standing in need of relief ; and we entertain no doubt that the bond to be given by the plaintiff was intended to be an indemnity to the defendant against any expenses he might be liable to incur on account of the support of his parents. The bond offered did not, in our opinion, amount to such an indemnity. The condition of it was, that the obligors should maintain the said parents at their own houses. But these parties had no authority to compel their parents to reside at any particular place. They were at liberty to remove to distant towns in the state, where they might become paupers, and be relieved by the town in which they resided, and the defendant be compelled by law to reimburse the town the expense incurred in their relief. In such a case the defendant, had he accepted the bond tendered, would have been without remedy. For in any suit upon the bond, it would have been a good defence that the obligors were always ready to perform the condition at their own houses. Indeed, it seems

to us impossible that there can be any difference of opinion on this question. The bond tendered was neither according to the letter nor the spirit of the contract.

The case might have been different, had the plaintiff contracted to give bonds for the maintenance of the defendant himself. In such a case, the plaintiff, if the contract contained no stipulation on the subject, would have had a right to elect where he would maintain the defendant, and a tender of a bond, with condition to maintain the defendant at the plaintiff's own house, might perhaps have been sufficient.

But in the present case, I am clearly of opinion that the defendant is entitled to have

*Judgment on the verdict.*