In the Matter of the Petition of ELVIRA B. CARPENTER for the Appointment of a Trustee in the Place of GEORGE A. PIERCE, Deceased.

Trusts of personal property may be created without writing for any lawful purpose, and are not, in respect either of the mode or purposes of their creation, within the Statute of Uses and Trusts.

Under the act of 1882 (Chap. 185, Laws of 1882), vesting in the Supreme Court an unexecuted express trust in personal property, upon the death of a surviving trustee, a new trustee may be appointed upon a *prima facie* case being made, not conclusively disproved, showing that property in the hands of the executor or administrator of a decedent was either held by him at the time of his decease as trustee, or was the proceeds of the trust estate.

*It seems* such an appointment will not conclude the legal representatives of the decedent's estate from contesting the existence of the trust, or from claiming that the property belonged to the decedent.

(Argued January 20, 1892; decided February 2, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made September 8, 1891, which reversed an order of Special Term appointing a trustee in the place of George A. Pierce, a deceased trustee.

The facts. so far as material, are stated in the opinion.

*C. E. Patterson* for appellant. A trust of personalty is not within the Statute of Uses and Trusts, and may be created for any purpose not forbidden by law; it may be created without writing, and the delivery of the property is sufficient to pass the title. (*Gilman* v. *McArdle*, 99 N. Y. 451; 12 Abb. [N. C.] 427, note; *Martin* v. *Tunk*, 75 N. Y. 134; *Day* v. *Roth*, 18 id. 448; *Young* v. *Young*, 80 id. 422; *Hamer* v. *Sidway*, 124 id. 539, 550; *Willis* v. *Smith*, 91 id. 297.) The petition of Elvira B. Carpenter and the affidavit of Daniel E. Miller represent and state every element requisite and necessary to establish an express trust. (Laws of 1882, chap. 185; *In re Waring*, 99 N. Y. 114.) Elvira B. Carpenter cannot maintain an action against George H. Gillett, either indvidu-

ally or as administrator of George A. Pierce, deceased. (*Patrick* v. *Metcalf*, 37 N. Y. 332, 334; *Butterworth* v. *Gould*, 41 id. 450; *Peckham* v. *Van Wagenen*, 83 id. 40.) By the written assignments of said eleven promissory notes the absolute title thereto became vested in George A. Pierce, and the fact that he paid no consideration therefor, and that he received them in trust and for an express purpose, may be proved by parol. (Perry on Trusts, §§ 139, 142, 147; *Boyd* v. *McLean*, 1 Johns. Ch. 582; *Botsford* v. *Burr*, 2 id. 404; *Siemon* v. *Schurck*, 29 N. Y. 598.) When a trustee is appointed by the court, and controversies arise between him and other persons as to the nature and extent of his authority, or the title, possession or control of the property claimed to be affected by the trust, such action may be properly instituted by him as will determine the question in dispute, and establish the rights of the parties interested. (*In re Waring*, 99 N. Y 118.)

*W. C. Daley* for respondents. Pierce was not at the time of his death engaged in the execution of an apparent trust. (98 N. Y. 300; *In re Waring*, 99 id. 114.) The verbal arrangement alleged to have been made at the time of the written assignment of said notes, as stated in the petition, was simply a power of attorney to collect the notes and pay proceeds over. (*Heermans* v. *Robertson*, 3 Hun, 468; 64 N. Y. 332; *Burke* v. *Valentine*, 52 Barb. 412; 104 N. Y. 261.) The order affects a mere mode of procedure, does not affect a substantial right, and is not appealable. (60 N. Y. 143; 43 N. Y. 259.)

ANDREWS, J. The petitioner was entitled, under the act chapter 185 of the Laws of 1882, to have a new trustee appointed in place of George A. Pierce, the deceased trustee, upon a *prima facie* case being made, not conclusively disproved, showing that the notes, money and securities in the hands of the administrator of Pierce, referred to in the petition, were either held by Pierce at his decease as trustee for the petitioner, or were the proceeds of the trust estate. (*Mat-*

*ter of Warring*, 99 N. Y. 114.) The appointment of a new trustee would not conclude the representatives of the estate of Pierce in any proceeding instituted by the appointee, to subject the property in the hands of the administrator of Pierce to the trust, from contesting its existence or from claiming that the property belonged to the decedent. Moreover, the order of the Special Term was made expressly "without prejudice to the estate of George A. Pierce, deceased, to contest." Trusts of personal property may be created without writing, for any lawful purpose, and are not in respect either of the mode or purposes of their creation, within the Statute of Uses and Trusts. (*Day* v. *Roth*, 18 N. Y. 448; *Gilman* v. *McArdle*, 99 id. 451.) The transaction out of which the alleged trust arose is set forth in the petition. It avers in substance an assignment by Sylvanus Carpenter to George A. Pierce, on or about February 15, 1889, of eleven over-due promissory notes then owned by Carpenter, amounting in the aggregate to about $2,500, upon the express agreement or understanding that Pierce was to collect the notes and pay and give the proceeds to "your petitioner as beneficiary," or in case of the inability of the makers to pay them, to obtain from them new notes "payable to said Pierce or bearer," and deliver such new notes to the petitioner in lieu of the assigned notes. The petitioner sets out several of the original notes, on each of which appears a formal written assignment, executed by Carpenter, the payee, to Pierce. It avers that some of the assigned notes were collected by Pierce, and that for others new notes were taken in his name; that Sylvanus Carpenter died May 1, 1889; that Pierce died intestate January 23, 1890, before completing the duty assumed by him, and that his administrator, Gillet, has inventoried the notes held under the agreement with Sylvanus Carpenter, as part of the estate of his intestate, and has refused to deliver them to the petitioner. The petition is supported by the affidavit of one Miller, who swears that he drew the assignments on the several notes from Sylvanus Carpenter to Pierce, and that in his presence and in the presence of Elvira B. Carpenter, the petitioner, the notes were delivered by Syl-

vanus Carpenter to Pierce, and that at the time he heard the said Pierce promise and agree to "give to the said Elvira B. Carpenter all the proceeds of said notes, whether money or new notes, and to retain sufficient to pay for the services rendered as such trustee." We think a *prima facie* case was made by the petitioner entitling her to the relief sought. Upon the facts stated in the petition, there was more than an agency created in Pierce to collect the notes and pay over the proceeds to the petitioner. Sylvanus Carpenter divested himself of the title to the notes. He made a formal written transfer thereof to Pierce, and Pierce took the legal title. Sylvanus Carpenter could not, after the delivery of the notes to Pierce under the arrangement made, reclaim the notes or be reinstated to his original title. The petitioner took an equitable interest only, which she could enforce through the medium of a trust. Pierce was not only vested with the legal title to the original notes, but he was to take any new notes in his name. The rights of the petitioner were those of a beneficiary of a trust. There can be no doubt that a trust may be created to collect and pay over the proceeds of notes to a person designated by the creator of the trust. The administrator of Pierce, in his answer to the petition, alleges that the notes were the absolute property of Pierce, and denies the arrangement and agreement set forth in the petition. This claim can be examined when an attempt shall be made to enforce the trust. But it is proper that preliminarily a new trustee shall be appointed to represent the rights of the petitioner in the controversy; and that Pierce was a trustee must, upon the facts presented by the petitioner, be assumed for the purpose of this proceeding.

We think the order of the General Term reversing the order of the Special Term should be reversed, and the order of the Special Term be affirmed. with costs.

All concur.

Order reversed and order of Special Term affirmed.