In the Matter of the Accounting of D. McLeod Gawne, as Surviving Executor of Ellen O'Reilly, Deceased.
Edward A. Reilly, Appellant; Mary E. Reilly, Respondent.

*Matter of Gawne*, 82 App. Div. 374, affirmed.
(Argued October 28, 1903; decided November 17, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 24, 1903, which reversed a decree of the Kings County Surrogate's Court construing the will of Ellen O'Reilly, deceased, and settling the accounts of D. McLeod Gawne, as surviving executor thereunder.

*Henry A. Forster* for appellant.

*Albert R. Moore* for respondent.

Order affirmed, with costs, on opinion below.

Concur: PARKER, Ch. J., GRAY, HAIGHT, MARTIN, CULLEN and WERNER, JJ.

O'BRIEN, J. (dissenting).   This proceeding was for a judicial settlement and accounting of the executor of the will of Ellen O'Reilly, who died in July, 1900, leaving a will.   The only question involved is the meaning and construction to be given to the third clause of the will.   All the estate was bequeathed to the executors, in trust, to pay the income of her husband during his life and then disposed of by the third clause, as follows :

" *Third*. It is my will, and I hereby direct that upon the death of my said husband, James O'Reilly, my surviving executor shall divide the principal sum of my estate among my sons, James T. Reilly, William F. Reilly, Edward A. Reilly, and my adopted sons, William O'Reilly and Franklyn O'Reilly, children of Franklyn Fletcher, and legally adopted by my husband and myself in manner following, that is to say : to my son James T. Reilly, one equal one-fifth part; to my son William F. Reilly, one equal one-fifth part in trust for his wife Sarah A. Reilly; to my son Edward A. Reilly, one equal one-fifth part in trust for his wife Mary E. Reilly; to my adopted son William O'Reilly, one equal one-fifth part, and to my adopted son Franklyn O'Reilly, one equal one-fifth part."

This appeal involves only the share of the son Edward A. Reilly, and the question is whether it should be distributed to him as legatee absolutely or to his wife.   The surrogate held that he was entitled to it as legatee absolutely under the will, but the learned Appellate Division reversed the decree and awarded the share to the wife, and the husband appeals.

If the clause of the will in question creates a trust in the husband in favor of the wife that the courts are competent to enforce, then the husband would take the share as trustee and not the wife as legatee.   If, on the other hand, there was no trust, but an absolute gift of the remainder, the question is, to whom was the gift made by the terms of the will, whether the husband or the wife.   There are no words of absolute gift to the wife, but there are words of absolute gift to the hus-

band. The testatrix directed that the remainder be "*divided among my sons*," naming the contestant as one of them, there being five in all. She directed that one equal one-fifth part be divided to the son Edward A. Reilly in trust for his wife, and it is said that these latter words destroy the absolute character of the gift to the husband and convert it into an absolute gift to the wife. If I understand a recent decision of this court there was a good trust in this case created in the husband for the benefit of the wife. (*Collister* v. *Fassitt*, 163 N. Y. 281.) I am unable to perceive any distinction between that case and the one at bar. In the present case the language, which is added to words of absolute gift, is much clearer and more satisfactory than in the case cited, and if there is a trust the share should go to the husband as trustee and not to the wife as a beneficiary of a void trust. Section 73 of the Real Property Law, in regard to certain trusts of real property, has no application to trusts of personal property. (*Holmes* v. *Mead*, 52 N. Y. 332; *Matter of Carpenter*, 131 N. Y. 86.)

In my opinion, this clause of the will should be construed as an absolute bequest of one-fifth of the remainder to the husband, and so the surrogate held. The case is one in which there are clear words of absolute gift to the husband, and their legal effect is not changed by the subsequent words in regard to a trust, which have no legal force or effect, since it is admitted that they create no trust or estate whatever, and the clause must, therefore, be construed in the same way as if these words were not used at all. It is the case of an absolute gift, followed by qualifying, directory or precatory words, which are wholly ineffectual in law, and in this state have always been rejected in the construction of wills. A brief reference to some of the cases will show how consistently the rule has been followed in this state. In *Foose* v. *Whitmore* (82 N. Y. 405) the provision of the will was: "I * * * give and bequeath all my property, real and personal, to my beloved wife, Mary, only requesting her, at the close of her life, to make such disposition of the same among my children and grandchildren as shall seem to her good." It was held that the gift to the wife was absolute, that the

concluding words amounted to a mere suggestion and did not create a trust or any charge upon the estate. In *Clarke* v. *Leupp* (88 N. Y. 228) the testator declared that he deemed it his duty to make a will for the benefit and protection of his wife and two children, and then proceeded as follows: " I do, therefore, make this my last will and testament, giving and bequeathing to my wife Caroline all my property, real and personal, * * * and do appoint my wife * * * my true and lawful attorney and sole executrix of this my will, to take charge of my property after my death, and retain or dispose of the same for the benefit of herself and children above named." It was held that the wife took an absolute title to all of the testator's estate; that it was not intended by the words succeeding to limit or cut down the · absolute gift and that there was no trust created. In *Lawrence* v. *Cooke* (104 N. Y. 632), after a gift of the residuary estate to the testator's daughter and her heirs and assigns forever, the following words were added: "I commit my granddaughter * * * to the charge and guardianship of my daughter. * * * I enjoin upon her to make such provision for said grandchild out of my residuary estate * * * in such manner at such times and in such amounts as she may judge to be expedient and conducive to the welfare of said grandchild, and her own sense of justice and christian duty shall dictate." It was held that no trust was created, nor any charge upon the property given by the will to the daughter; that the legatee took an absolute gift and the provision made for the granddaughter was left wholly to her discretion as to the amount and manner, as well as the time it should be made, and that this discretion could not be interfered with by the court. In *Matter of Gardner* (140 N. Y. 122) the testator gave his residuary estate to his wife to have and to hold the same to her and her assigns forever, provided, however, that if any part of it should remain unexpended or undisposed of at her death, this he gave to his son, his heirs and assigns. He then stated that it was his desire that his wife should not dispose of any of the estate by will in such way that what might remain at her death would go out of his own family and blood relations. The testator had

one child, a son by a former wife. The widow died leaving a will which disposed of so much of the residuary estate as remained at her death, giving a large portion thereof to the son and also one-fourth of her residuary estate after the expiration of a life estate therein of another fourth to a sister of her husband. It was held that the estate of the wife was not limited or qualified by the concluding paragraph, expressing the testator's expectation and desire. In *Clay* v. *Wood* (153 N. Y. 134) the testator gave certain real and personal property to his wife to have and to hold unto her and her heirs, executors, administrators and assigns forever, with legacies to others, which were declared not to be a charge upon the property given to the wife. He then gave all the residue of the estate to the wife and to her heirs, executors, administrators and assigns forever, followed by these words: "And it is my request that my said wife do sustain, provide for and educate Lucretia, the daughter of my said adopted daughter Josephine. And it is my further desire and request that my wife do make the said Lucretia, Josephine and my nephews and nieces, the children of my brothers C. and G., joint heirs after her death in the said estate which by this will I have bequeathed to my said wife." It was held that the testator intended an absolute gift to the wife, except the legacies to others, with an absolute right of disposition, and that such gift was not qualified by the subsequent precatory clause, and that, hence, no trust or power in trust in favor of the persons mentioned in that clause was created thereby.

In the case at bar the words in regard to a trust, following words of absolute gift to the husband, amount to no more than the expression of a desire, or a wish, on the part of the testatrix that the gift was to be enjoyed by the wife as well as the husband. It is a familiar rule that a will should be construed, whenever possible, in such a way as to vest the estate in the testator's children, or in persons of his own blood. Applying that rule and the other considerations referred to above to this case, it is difficult to conclude that the intention of the testatrix was to pass over the claims of one of her own children, leaving him nothing whatever, and to vest one-fifth

of the estate in his wife, who was not of her own blood. The more reasonable construction is that the mother intended, as her words fairly imply, to make an absolute gift to her son, in which the wife should be recognized or benefited. No trust having been created in her favor, the words used in that respect must be regarded as ineffectual and precatory, having no force or effect in the disposition of the remainder.

I think the order of the Appellate Division should be reversed and the decree of the surrogate affirmed, with costs to both parties to this appeal payable out of the estate.