In re KINGSLEY.

(Surrogate's Court, New York County. January, 1914.)

1. WILLS (§ 614*)—CONSTRUCTION OF TESTAMENTARY POWERS—POWER OF DISPOSITION.

> Under a will providing that certain property was left to a daughter, the principal to be held in trust for her by the executor; and she to receive the income, but that, in case she required more than the interest for her personal use, she might use such portion of the principal as the executor might deem wise, and containing no further or other disposition of such property, the daughter and the trustee took only a life interest; since the power in a trustee to consume the corpus of the trust estate, or to alienate it for the benefit of the life tenant, or beneficiary, does not create an estate in fee, either in the trustee or the beneficiary.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1416; Dec. Dig. § 614.*]

2. WILLS (§ 616*)—CONSTRUCTION OF TESTAMENTARY POWERS—POWER OF DISPOSITION.

> The power to consume the corpus given to a life tenant does not defeat a remainder over, and such of the property as is left at the expiration of the life interest or estate goes to the remainderman.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1418–1430; Dec. Dig. § 616.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. WILLS (§ 455*)—CONSTRUCTION.

Where a limitation contained in a will is clear, and its legal effect only is in issue, the case is not one of interpretation or construction, but one for the right application of the laws of property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 972, 973, 976; Dec. Dig. § 455.*]

Proceeding for the judicial settlement of the account of William M. Kingsley, as trustee under the will of Harriet L. Hampton, deceased. Decreed in accordance with the opinion.

Stewart & Shearer, of New York City, for accounting trustee.

Alfred C. Coxe, Jr., of New York City, for Joe Hampton and William C. Hampton.

John J. Hynes, of New York City, special guardian for infants.

FOWLER, S.　[1] In this proceeding for distribution and settlement of the accounts of William M. Kingsley, as trustee of the trusts created by the will of Harriet L. Hampton, it is necessary to look at the will of Mrs. Harriet L. Hampton in order to settle the decree for distribution.

The sixth clause of the will of Mrs. Harriet L. Hampton provided as follows:

"The residue of my estate I leave to my daughter, Lois Clark Hampton, the principal of same to be held in trust for her by the executor, she to receive therefrom the interest, but in case she may require more than the interest amounts to at any time, for her personal use *only*, she may use such portion of the principal sum as the executor may deem wise."

It appears that pursuant to a decree entered on or about June 16, 1913, the trustee was directed to pay over to himself the residuary of Mrs. Hampton's estate, to be held by such trustee pursuant to the provisions of the will aforesaid. The trustee thereafter continued to collect the income arising from the residuary held in trust and pay the same over to Lois Clark Hampton until her death on 1st of September, 1913. Thereafter this proceeding was instituted. It also appears that Lois Clark Hampton died testate, and by her will undertook to dispose of the property mentioned in the sixth clause of her mother's will. The question now arises whether Lois Clark Hampton took an interest or estate for her own life or a fee-simple or absolute interest under the sixth clause aforesaid. If the interest or estate was only for the life of Lois Clark Hampton, Mrs. Harriet L. Hampton died intestate as to the remainder or reversion, depending on such life interest or estate, and the same is now distributable as in case of intestacy.

It is urged that by reason of the power to consume the corpus of the estate or interest held in trust for the benefit of Lois Clark Hampton, the daughter of testatrix, the interest or estate of Lois Clark Hampton was made absolute, or, in quantum, a fee simple absolute. While the property passing under the sixth clause of Mrs. Hampton's will was personalty, it is no longer inconsistent or inartificial to speak of interests in personalty as an "estate for life," or a "fee simple," as the case may be, because section 11 of the Personal Property Law (Consol.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Laws, c. 41) formerly section 1, 1 R. S. 773, subjects limitations of future interests in personalty to the rules prescribed in relation to future estates in real property. Thus it is in this state that we speak of interests in personalty in the terms of the law of real property, and that life interests in personalty are commonly designated "estates for life" and absolute interests in personalty as "estates in fee" or "fees simple absolute."

[2] It can hardly be contended at this late day that a power in a trustee to consume the corpus of the trust estate, or to alienate the same for the benefit of the life tenant or beneficiary, now creates an estate in fee either in the trustee or the beneficiary. Nor can it be contended that such a power defeats a remainder limited over. Both those points are in this state settled beyond all controversy, and they cannot be longer discussed. In the consideration of questions of this character, when a power to consume the corpus is given to the life tenant himself, the remainder over is not defeated, but such property as is left at the expiration of the life interest or estate now goes to the remainderman. The same holds true where the power to consume is given to the trustee of the legal title. This is our domestic rule of property, and one dependent in the first instance on provisions of the Revised Statutes relative to remainders (section 33, 1 R. S. 725, now section 57, Real Prop. Law [Consol. Laws, c. 50]).

We are very apt, in legal discussion, at the present day, to slight the legal title, and yet the legal title is the only title which in the first instance the law regards. Under the sixth clause of Mrs. Hampton's will the legal title to the property passing under the clause was in the trustee under our statute of uses and trusts. The quantity of the legal estate or title of the trustee was clearly a life estate, or one dependent on the life of Lois Clark Hampton. At the death of such cestui que vie, any remainder limited over, would vest in possession. In default of limitation of a remainder over, the reversioner would, if alive, be entitled to take in possession that which never left her. It is apparent from the sixth clause of Mrs. Hampton's will that there was no limitation of a remainder over; nor is there any other residuary clause to be found anywhere in Mrs. Hampton's will. This being so, Mrs. Hampton died intestate as to the reversion vested in her, and dependent in possession on the death of her daughter.

But it is argued that the power to consume the corpus of the property held by the trustee converted the interest of Miss Lois Clark Hampton into a fee, or into some legal interest greater than Miss Hampton's own life. I do not see how, or on what theory, this contention is made. The power to consume the corpus of the trust estate was not a power given by the will to the beneficiary of the trust, but one given to her trustee, and under the authorities the gift of the power to consume the corpus of the trust estate did not enlarge the trustee's legal estate or interest into a fee. Nor would the grant of such power in any way enlarge the equitable interest of Miss Hampton. Under our present statute of uses and trusts a beneficiary of a trust takes no legal estate or interest in the property. Miss Hampton's only right was to enforce the performance of the trust. Section 100, Real Prop-

erty Law; Matter of Carpenter, 131 N. Y. 86, 89, 29 N. E. 1005. The power to consume the corpus of the trust estate was not a power appendant or a power even annexed to the interest of the beneficiary of the trusts.

[3] Where a limitation contained in a will is clear, and only the legal effect of the limitation is at issue, the case is not one of interpretation or construction, but one where the right application of the laws of property is in question. Now, I take it that the law of this state is perfectly clear and settled upon the points raised in this proceeding.

From a careful perusal of the will of Mrs. Hampton, I am convinced that Mrs. Hampton made no testamentary disposition of the corpus of the estate passing under the sixth clause of her will to the trustee for her daughter's life, or, in other words, that as to the reversion dependent in possession on the death of the daughter, the testatrix, Mrs. Hampton, died intestate, and such reversion now passes under the statute of distributions, and not under the will. Settle decree accordingly.