NEW-YORK,
Oct. 1812.

MILLER
v.
PARSONS.

In an action covenant, breach of the covenant for further assurance contained in a deed, by which the grantor covenanted that he, his heirs, &c. would, at any time, at the reasonable request of the grantee, and at the proper costs and charges of the grantor, make and execute all such further and other reasonable conveyances and assurances &c. as by the grantee, his heirs, &c. or his or their counsel, &c. should be reasonably advised or required; it was held, that to entitle the plaintiff to bring his action, he should first have devised the further assurance, and given notice of it to the defendant, specifying the particular kind of assurance, or have tendered the assurance to the defendant, and allow him a reasonable time to consider of it before bringing a suit; for such assurance must be reasonably devised, and not different, in its nature and purport, from the original bargain.

## MILLER *against* PARSONS.

THIS was an action of *covenant*. The plaintiff declared for a breach of the covenant for further assurance, contained in a deed, dated 11th *March*, 1811, by which the defendant sold and conveyed to the plaintiff a piece of land in *Cocksackie*, in the county of *Greene*; in which deed the defendant, "for himself and his heirs, &c. covenanted and agreed with the plaintiff and his heirs, &c. that the defendant and his heirs, and all and every other person or persons whomsoever, lawfully or equitably deriving any estate, right, title, dower, jointure or interest, of, in or to the premises, by, from or under, or in trust for him, should and would, at any time or times thereafter, upon the reasonable request of the plaintiff, and at the proper costs and charges, in the law, of the defendant, make, do and execute, all and every such further and other lawful and reasonable conveyances and assurances, in the law, for the better and more effectually vesting and confirming the premises, &c. as by the plaintiff, his heirs, &c. or his or their counsel learned in the law, should be reasonably devised, advised, or required." And the plaintiff averred, that "*Hannah*, the wife of the defendant, would, on the death of the defendant, have a right of *dower* in the premises so conveyed to the plaintiff; and that after making the deed, &c. the defendant was requested by the plaintiff to make and execute, or cause to be made and executed, at the proper costs and charges of the defendant, in the law, a lawful and reasonable conveyance and assurance, in the law, to the plaintiff of the said right of dower of his said wife, &c. according to the true intent and meaning of the said covenant, &c. Yet the defendant hath not yet made, done and executed, or caused to be made, done and executed, at his proper costs and charges, in the law, a lawful and reasonable conveyance, in the law, of the said right of dower of the said *Hannah*, his wife, contrary," &c.

The defendant, after craving *oyer* of the deed, which contained, besides the covenant for further assurance, the usual covenants of *seisin*, for *quiet enjoyment*, and *warranty*, demurred to the declaration, and the plaintiff joined in demurrer.

The cause was submitted to the court without argument.

*Per Curiam.* There is no sufficient breach assigned. The plaintiff, or his counsel, were to devise the further assurance; and after having done so, the plaintiff was bound to give notice thereof to the defendant. If he devised a fine to be levied, he ought to have stated it so to the defendant, as was done in the cases of *Pel* v. *Cally,* (1 *Leon.* 304.) and of *Goldney* v. *Curtise;* (1 *Bulst.* 90.) or if he devised and required a *release,* or a *bargain and sale,* he should also have specified it, as was done in *Wye and Throgmorton's Case.* (2 *Leon.* 130.) Whatever the further assurance might be, it must have been reasonably devised, and not differing from the nature and purport of the original bargain. As no particular assurance is specified in the covenant, and none specified by the plaintiff, the defendant could not know what assurance was required. If an assurance *in pais* be advised, the grantee is bound to present it, or give due notice of the nature of it, to the defendant, and allow him a reasonable time to consider of it; for the covenant was, that the defendant should make, or procure, such other assurance as the grantee, or his counsel, should advise. That these steps were requisite to entitle the grantee to his action on the covenant, was clearly held by the court of *C. B.* in *Bennet's Case.* (*Cro. Eliz.* 9.) Judgment must, therefore, be rendered for the defendant.

Judgment for the defendant.