## SUPREME COURT.

WILT WAKEMAN NORRIS and another agt. HENRY D. NORRIS.

*Action by devisee before probate of will — Complaint — Demurrer — Sufficiency of complaint in such action.*

The complaint charges that after Eliza Wilt had made a will and testament in accordance to the laws of the state of New York, whereby she gave the remainder of her real and personal property to her two brothers, Henry and Jonathan, in equal shares, and in case either died before her, leaving issue, his share should go to such issue; that at the time the will was executed Jonathan was in feeble health, and Henry, designing to wrong and defraud plaintiffs, children of Jonathan, pretended and represented to his sister — who was little acquainted with business, and relied on and trusted to the advice of Henry, who sustained a confidential relation toward her — that it was necessary, in order to protect the property from claims of creditors of Jonathan, some of whose commercial paper Eliza had indorsed, and to insure its ultimate distribution according to the will, to transfer the legal title thereto to him, and thus induced her to make and deliver deeds and bills of sale of such property to him, not recording the deeds until the death of Jonathan, and not pretending during Eliza's lifetime to be the owner in his own right to such property, and never taking actual possession till her death; that after her death, in pursuance of his fraudulent design, he concealed her will, and claimed that the conveyance had been made to him for his own use.

*Held*, that these allegations entitled plaintiffs to substantial relief; that it is not necessary to plaintiff's claim that the deeds be adjudged fraudulent to allege the probate of the will (however it may be as to the personalty), as such claim depends upon the will itself, not upon its

probate; and that the complaint is not demurrable, because the action is in the nature of a suit in equity to establish a will, as the allegation that the will was made in accordance with the laws of the state of New York establishes the fact of a legal will and testament.

*Special Term, May,* 1882.

THE complaint alleges that Eliza Wilt, of the city of New York, was, before the year 1873, seized in fee and in possession of several parcels of real estate situate in the city of New York, which are particularly described therein, and that she also owned articles of personal property; that on the 17th of January, in the year 1871, Eliza Wilt, being seized and possessed of such property, real and personal, made and executed her last will and testament, in accordance with the laws of the state of New York, whereby she devised and bequeated the whole remainder of her estate, including the three parcels of real estate hereinbefore described, and her personal property, to be equally divided between Jonathan W. Norris, Henry N. Norris and Eliza Chapman; Jonathan W. Norris being the father of the plaintiffs in this action, who are infants under the age of fourteen years; and that Henry D. Norris and Eliza Chapman are the brother and sister of Jonathan W. Norris; that Henry and Eliza had been from an early age received into the family of the testatrix, and had been supported and educated by her as her own children, but without any formal adoption under the laws of New York. The complaint further alleges that thereafter and about the 4th of March, 1873, Eliza Wilt, being so seized and possessed of that property, made and executed a codicil to her will in accordance with the laws of the state of New York, whereby she revoked so much of her will as gave, devised and bequeathed to Eliza Chapman one-third of the residue and remainder of her estate, real and personal, and in lieu thereof gave to her executors the sum of $5,000 in trust for the use and benefit of each of the two infant children of Eliza Chapman, she having died before the execution of the said codicil,

with remainder over to Jonathan W. Norris and Henry D. Norris, provided that if either said Jonathan or Henry should die in her lifetime, leaving issue, the share in said premises and remainder so given to him should · go to such issue. The complaint alleges that on or about the 7th of August, 1880, Eliza Wilt died without having revoked or in any manner altered her will and codicil; that Jonathan W. Norris died on or about the 29th of April, 1879, leaving him surviving the plaintiffs, his only issue, the plaintiff, Wilt Wakeman Norris, being of the age of ten years, and the plaintiff, Hattie Norris, being then of the age of six years; that on or about the 4th of March, 1878, Eliza Wilt executed and acknowledged three separate deeds by which she conveyed to Henry D. Norris all her real estate. The consideration mentioned in such deeds was one dollar. The conveyances were duly recorded in the register's office of the city of New York on the 30th of April, 1879, and that on the 4th of March, 1878, Eliza Wilt made and executed to Henry D. Norris a bill of sale purporting to convey and transfer for the consideration of one dollar to the said Henry D. Norris all her personal property. The complaint further alleges that no consideration whatever was paid by the said Henry D. Norris to the said Eliza Wilt for either of said conveyances or bill of sale; that at the time Henry D. Norris received the conveyances and bill of sale, he well knew that in and by the last will and testament of Eliza Wilt and the codicil thereto all of such property, subject to the payment of the debts and certain legacies, which debts and legacies did not amount to more than $5,000, and subject to the gift in trust for the children of Eliza Chapman, had been devised and bequeathed by Eliza Wilt to him Henry D. Norris and Jonathan W. Norris in equal shares; with the provision that in case either of them died before Eliza Wilt, leaving issue, his share should go to such issue. The complaint further alleges that at the time such conveyances and bill of sale were executed, Jonathan W. Norris was in feeble health, and not expected to live long, and

that Henry D. Norris, well knowing the provisions of the will and codicil, and intending and designing to wrong and defraud the plaintiff, the infant children of his brother, Jonathan, out of their expectant interest in the property of Eliza Wilt, as well as the infant children of his deceased sister, Eliza Chapman, and the other legatees under the will of Eliza Wilt and the codicil thereto, pretended and represented to Eliza Wilt, who was an aged person, little acquainted with business, and who relied upon and trusted to the advice and discretion of Henry D. Norris, then sustaining the confidential relation in all matters of business as her agent and adviser, that it was necessary and would be useful in order to protect said property, real and personal, from claims of the creditors of Jonathan W. Norris, some of whose commercial paper Eliza Wilt had indorsed, and to insure its ultimate distribution according to the will and codicil, to transfer the legal title thereto to Henry D. Norris, and by such pretenses and representations, he advised, induced and persuaded Eliza Wilt to make, execute, acknowledge and deliver the deeds and bill of sale to him, and he thereafter, until the death of Jonathan W. Norris, held and kept the existence and the fact of the execution and delivery of the same, secret from other persons except Eliza Wilt, the testatrix. That immediately after the death of Jonathan W. Norris, the said Henry D. Norris caused the deeds to be recorded, and thereafter and until the death of Eliza Wilt, continued, at divers times, to pretend and represent to her that it was necessary, or would be useful for the protection and ultimate distribution of such property, to have the legal or record title thereof to continue vested in him, and that Eliza Wilt, relying on his advice as her confidential agent and man of business, and believing that the pretenses and representations were true and that they were made in good faith, was induced thereby to make and execute such deeds and bill of sale, and not to make any demands or attempt during her lifetime to have the property reconveyed to her. The complaint further alleges that all these pretenses and

representations were false in fact, and that they were made in bad faith and with the fraudulent purpose above mentioned; that during the lifetime of Eliza Wilt, Henry D. Norris never claimed or pretended to be the owner, in his own right, of such property, or any part of it; that he never took the actual possession thereof, and at all times pretended and claimed that the conveyances were intended for a temporary purpose only, and that he held the legal title to such property under the deeds and bill of sale for the use and benefit of Eliza Wilt and the legatees and devisees under her will and codicil, and that the provisions thereof were in all things to be carried into effect notwithstanding the conveyances of the legal title of such property to himself; and neither at the time of the execution of the conveyances or afterwards did Henry D. Norris give any valuable consideration whatever therefor. The complaint further alleges that after the death of Eliza Wilt, Henry D. Norris, in pursuance of his fraudulent design and purpose, concealed the will and codicil, which were intrusted to his possession by Eliza Wilt in her lifetime, and purposely failed and neglected to produce the same for probate, although he was the sole surviving executor named therein, and took possession of the property, real and personal, claiming and pretending that by said deeds and bill of sale it was conveyed and transferred to him for his own use and benefit; and ever since so taking possession he has used and occupied the same and taken to his own use the rents, issues and profits of the real estate, and claims to own the same as well as the personal property free and discharged of all claims and interest of the plaintiffs and the other legatees and devisees of Eliza Wilt under the will and codicil; that he has incumbered portions of the real estate by executing mortgages thereon to the amount of $6,000 for moneys borrowed by him on the credit of his apparent title thereto, and that he threatens to sell and convey the property so that the rights and interests of the plaintiffs and the other legatees under the will and codicil will be lost and destroyed.

The complaint demands as relief that the deeds and bill of sale be adjudged fraudulent and void and that the same be delivered up and canceled, or that it be adjudged that Henry D. Norris holds the title to the property in trust, to allow the same to be applied and disposed of according to the terms and provisions of the will, and that he shall account for the rents, issues and profits received by him from the real estate, and out of the use of any property used by himself since the death of Eliza Wilt, and that he be decreed to pay over the same according to the rights of the parties in interest under such will.    The complaint also asks other relief.

*Sullivan & Cromwell*, for demurrer.

*W. G. Choate*, opposed.

VAN VORST, *J.*— Now it seems to me quite clear that the allegations in the complaint, which for the purposes of this hearing the demurrer admits, entitle the plaintiffs to substantial relief.    It is, however, objected on the part of the defendant, as a ground of demurrer, that the complaint does not allege that the will has been admitted to probate in the surrogate's court, and that until the will is duly probated this court has not jurisdiction to entertain an action to protect or secure any right or interest in favor of any beneficiary named in the will.

This view may in the end prevail in so far as the personal estate is concerned, for it has been decided that nothing but the probate or letters of administration, with the will annexed, was legal evidence of the will in all questions relating to the personalty (*Tarver* agt. *Tarver*, 9 *Peters*, 174; *Armstrong* agt. *Lean*, 12 *Wheat.*, 175).

But the plaintiffs' claim, in so far as the real estate is concerned, depends upon the will itself, and not upon its probate.

At most the probate of a will in this state is only presumptive evidence as to real property (*Thorn* agt. *Sheil*, 15

*Abb.* [*N. S.*], 81; *Cowen & Hill's Notes to Phil. Ev.*, 1348).

An omission to have a will probated within four years after the death of the testator exposes the persons interested under the will to loss from a conveyance to a purchaser in good faith from the heir of the person who died seized of the property (*Code Civ. Pro.*, sec. 2628).

To guard against such consequences a probate is needed, but that does not affect the question now considered.

It was doubtless the duty of the defendant himself, an executor named in the will, and having its custody, to have offered the will for probate in view of the infancy of the plaintiffs, but this he seems, from the allegations of the complaint, to have by design omitted.

The defendant also objects that this is an action in the nature of a suit in equity to establish a will, and that for such reason it is demurrable, because the surrogate's court is established to take proof of wills and to admit them to probate.

But in this connection it is to be observed, and I think it is a complete answer to the objection, that the complaint alleges that Eliza Wilt made and executed on the 17th day of January, 1871, her last will and testament in accordance with the laws of the state of New York.

That allegation is admitted by the demurrer, and it is a large concession, for it establishes the fact of a legal will and testament.

That is an admission of the principal fact, through which plaintiffs' right rises, and is, in my judgment, sufficient to sustain the complaint.

Should the defendant, by answer, deny the fact of the will, then a question may arise as to how it shall be proved. But that will be disposed of by the judge upon the trial.

It becomes in this view not a question of pleading, but one of evidence. And I can see no good reason, when the object of probate is considered, why the will may not be offered for

probate at any time before the trial, should the defendant answer upon the merits and put in issue the making of the will.

For these reasons I conclude that there must be judgment for the plaintiffs on the demurrer, with liberty to the defendant to answer on payment of costs.