THE PEOPLE OF THE STATE OF NEW YORK *v.* THE OPEN BOARD OF STOCK BROKERS' BUILDING COMPANY OF THE CITY OF NEW YORK.

JAMES W. RANDALL *v.* CORTLANDT L. PARKER, AS PRESIDENT OF THE OPEN BOARD OF STOCK BROKERS OF THE CITY OF NEW YORK.

*Purchaser at a judicial sale — what title he will be obliged to take — a deed to one as trustee with no evidence as to the nature of the trust — effect of it.*

In proceedings to compel a purchaser of real estate at a judicial sale to complete his purchase an objection was made on his part to the validity of the title, one of the conveyances appearing in the line of the title being made to one McLean, " as.

trustee for the Association of the Open Board of Stock Brokers of the City of New York" an association which was unincorporated and consisted of about 400 persons. By a conveyance of like date McLean, as such trustee, conveyed the premises to "the Open Board of Stock Brokers' Building Company of the City of New York," which was a duly incorporated company.

The premises were sold by a receiver, who was appointed both for the incorporated and unincorporated company.

*Held,* that the grantor of McLean was estopped by his deed from claiming any title to the premises.

That, as the nature and objects of the trust held by McLean did not appear, the court would presume that the trust was a valid one and that the title passed to McLean, as trustee; that consequently the whole estate in law and equity in the premises was vested in him, and that he could convey the lands, unless it appeared that such conveyance was in contravention of the trust, as to which there was no evidence in the case.

That if the deed to McLean, as trustee, imported a trust "for the use of or in trust for" the unincorporated company, then the title to the property vested in the company by force of 1 Revised Statutes (§ 49, m. p. 728); and in such case the receiver of the association would be vested with the title, and his deed thereof would transfer the same to the purchaser at the sale.

APPEAL, by Lewis S. Samuel, from an order of the Special Term, requiring him to complete his purchase of real estate, sold by James K. O. Sherwood, as receiver, under an order of the court, made in both of the above-entitled actions.

*Charles F. Tabor,* attorney-general, for the people.

*George E. Coney,* for Lewis S. Samuel, purchaser, appellant.

*John S. Smith,* for receiver, respondent.

LANDON, J.:

Exception is taken by the purchaser, at the receiver's sale, to the title of the premises. One of the deeds in the chain of title is from Burton W. Crocker to George W. McLean, "as trustee for the Association of the Open Board of Stock Brokers of the city of New York." This association was unincorporated and consisted of about 400 persons. This deed was dated March 25, 1880. On the same date McLean, as such trustee, conveyed the premises by deed to "The Open Board of Stock Brokers' Building Company of the city of New York." This was a duly incorporated company. The same person is the duly appointed receiver of both the incorporated and unincorporated associations, and was authorized by the order of the court to sell the premises. No other evidence of the nature of the trust vested in George W. McLean is given. We, therefore,

only know George W. McLean as a trustee, both in his capacity as grantee and grantor, in these deeds.

The deed to McLean is not to him in his individual capacity, for the simple reason that the language used excluded that meaning. It is to him " as trustee." His grantor is estopped by the deed to claim otherwise, and, as against him, the entire title is gone and was vested in McLean as trustee. It is objected that the trust is not defined. True, but we are not, therefore, in the absence of evidence, to suppose it impossible that McLean was the trustee. The statute permits certain express trusts. If we can as easily presume a valid as an invalid trust, we are not at liberty to presume an invalid one. We, therefore, presume that, by the deed to McLean, as trustee, he held the title to the premises upon an express trust, valid, as such, in its creation, and, therefore, the whole estate in law and equity in the premises was vested in him. (1 R. S., m. p. 729, § 60.) The trust was expressed in the deed to McLean, though not defined. He could convey the lands therefore, except in contravention of the trust. (1 R. S., 730, §§ 64, 65.) No suggestion is made that the conveyance by McLean was in anywise in contravention of the trust, and, therefore, no grounds exist to declare the deed from him to the corporation void. The objection to the title is, therefore, not sustained.

The receiver's title may also be upheld, upon the ground that he is receiver both of the association and of the corporation. Whatever rights the members of the association had they had in their associated capacity. It does not in anywise appear that the association was an illegal body. We infer that it was not for the reason that it had sufficient legal status to become the party to the action in which the receiver was appointed. If the deed to McLean, as trustee, imports a trust " for the use of, or in trust for," the unincorporated association, then the title vested in the association by force of the forty-ninth section of the statute already cited. That title either remains in the association, or was conveyed by McLean's deed to the corporation. In either event the receiver would be vested of it. Hence his deed will be good.

The order should be affirmed, with ten dollars costs and printing disbursements.

LEARNED, P. J., and INGALLS, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.