### DWORSKY v. ARNDTSTEIN.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

1. TITLE DERIVED UNDER WILL—EVIDENCE.

Where, in an action involving the issue of title to real property derived through a devise, it appears that the testator left a wife or heirs, it is necessary, in order to prove the validity of the devise by means of a surrogate's decree admitting the will to probate, to show that they were duly cited in the probate proceedings. Code Civ. Proc. § 2615.

2. DEATH—PRESUMPTION.

Where it is proved that a person, whose age at that time is not shown, was alive at a given date, there can be no presumption either of law or fact, in the absence of efforts to find him, that he was dead 30 years later.

3. VENDOR AND PURCHASER—TITLE—REASONABLE DOUBT.

Before a vendee of real property can be compelled to take title, in the face of a possible claim of dower on the part of the widow of a former owner under whom the vendor derives title, the latter is bound to show that the title is not open to a reasonable doubt on that ground, and such reasonable doubt exists whenever the title depends on a disputed question of fact, and the party under whom the right is claimed is not a party to the action in which the disputed question of fact is to be determined.

Appeal from special term, New York county.

Action by Bertha Dworsky against Moser Arndtstein. From a judgment directing specific performance of a contract, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Francis B. Chedsey, for appellant.
Henry Meyer, for respondent.

RUMSEY, J. On the 10th of September, 1895, the plaintiff and the defendant made a contract by which the defendant agreed to sell to the plaintiff a lot known as "No. 49 Allen Street," in the city of New York. The particular terms of the contract are not at all material. On the day fixed for the completion of the contract, the plaintiff appeared at the proper place, ready to perform on her part, but refused to accept the title offered by the defendant, because she claimed that it was not marketable, in particulars then specified and upon which she now relies. The contract was not performed, and thereupon the plaintiff brought this action to have the contract set aside, and to relieve herself from all obligations under it, and to recover the moneys which she had paid upon it and her expenses. The defendant in his answer, by way of counterclaim, set up the making of the contract and his readiness to perform it, claimed that his title was good, and asked affirmative relief by way of specific performance of the contract by the plaintiff. Upon the issue thus joined the action came on for trial at special term, and as the result of the trial the court adjudged that the title offered by the defendant was marketable, and that the defendant was entitled to judgment upon his counterclaim, requiring the plaintiff specifically to perform the contract. Judgment was entered accordingly, and from that judgment this appeal is taken by the plaintiff.

Passing over some minor objections, which it does not seem to us necessary to consider, we come at once to the serious questions presented in the case. The defendant's title came through Henry Wisendanger, who obtained a deed of the property from one Daniel Porr on the 23d of January, 1866. Wisendanger died in 1887, leaving a will devising this property. An action of partition was subsequently brought between the persons named as devisees in the will. In that action this property was sold by a referee duly appointed, and the defendant derives his title from the grantee upon that sale. It will be seen, therefore, that the title of the defendant depends entirely upon the will of Henry Wisendanger, and, if the title of the devisees was not established, the defendant fails to show that he acquired a marketable title to the property, and therefore he was not entitled to a judgment for specific performance.

The defendant offered in evidence a decree of the surrogate's court admitting to probate the will of Henry Wisendanger. No other evidence of the due execution of that will was presented. It is insisted that this decree is not sufficient, because the proper persons were not made parties to the proceeding for the probate of the will. By the will, Henry Wisendanger devised his property to his beloved consort, ·

Fillipene Cristen, for her life, or so long as she should remain his widow, and after her death he gave his estate to his four children by the said Fillipene Cristen, naming them. It was made to appear by the plaintiff that in 1866 Henry Wisendanger was married to one Elizabeth Wisendanger, and that she was living at the time of the trial; and it was also made to appear, and was not disputed, that Henry Wisendanger and Elizabeth Wisendanger had never been divorced, but that they were husband and wife at the time of his death. It was also made to appear that there were no children of that marriage, but that Henry Wisendanger had in 1865 a brother living. The plaintiff offered to prove the age of this brother in 1865, when the witness had last seen him, but that evidence was excluded, and no further evidence was given with regard to the existence of that person, except that his name was Rudolph, and he was last seen by the witness soon after the Civil War. When the decree of the surrogate was offered in evidence, the plaintiff, having made proof of these facts, objected that it was not conclusive as to the title of these premises, for the reason that the proper parties had not been made parties to the proceeding for its probate. That objection was well taken. It is quite true that a will need not be admitted to probate to vest in a devisee named in it the title to real property devised to him by the will (Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628); but one who claims the title to real property under a devise in a will is bound to establish that the will was actually executed as required by the statute, and unless he does that he fails to show that the will passed the title to the real property. At common law it was always necessary to make proof of the due execution of the will to enable one to claim title under it, because, except by the aid of a statute, the probate of the will in the ecclesiastical court had no effect whatever upon the title to real property, and one claiming real estate under the will was required to prove its due execution precisely as he was required to prove the due execution of a deed under which he claimed. Jackson v. Le Grange, 19 Johns. 386. The statutes giving effect, as to real estate, to the probate of a will, were designed to remedy this inconvenience, and, when a will has been proved as provided by the statute, the decree admitting the will to probate is prima facie evidence of its due execution, so as to enable one claiming under it to take title to the real estate. But the decree of the surrogate has only the effect which is given to it by the statute, and that is that it established, presumptively only, the due execution of the will as against a party who was duly cited or a person claiming under it. Code Civ. Proc. § 2627. But that the decree may have this effect, as against one who but for the will would have a right in the real estate, it is necessary that the citation should have been served upon him in a proceeding for the probate of the will. The statute requires that, when a will relates to real property, the husband or wife of the testator and all his heirs must be cited to appear upon its probate. Code Civ. Proc. § 2615. Unless these persons have been cited, the probate as to them is of no force. In this case it clearly appears that Fillipene Cristen was not the widow of Henry Wisendanger, and that her children named in the will are not his legitimate children, but that Elizabeth Wisendanger was his

wife, and that Rudolph Wisendanger is his heir at law.   No citation
was served upon either of these persons, and the probate of the will,
therefore, as to them, had no effect whatever.   They were not affected
by it, and the decree of the surrogate did not establish the will as
against them, even presumptively.

But it is said that there is no presumption that Rudolph Wisen-
danger was alive.   That is clearly erroneous.   He was living in
1865.   No proof whatever has been given of his death since that time,
and certainly there can be no presumption, either of law or of fact,
that a person who was alive in 1865 was dead in 1895.   For aught
that appears, he may have been a young man at that time.   No effort
has been made to find him on the part of the defendant.   No account
is given of his whereabouts, and, while it is quite possible that he may
have died, the presumption, if there is any presumption, is clearly the
other way.   In the case of Vought v. Williams, 120 N. Y. 253, 24
N. E. 195, the plaintiff claimed to have a marketable title to certain
property.   It appeared that one Giles Richardson was a part owner
of the property if he were living.   He had not been heard of since
the year 1863, when he was 22 years of age and in poor health.   The
action was tried in 1887, and the plaintiff insisted that, Giles Richard-
son not having been heard of from the year 1863 to 1887, the presump-
tion was that he was dead.   The court declined to entertain any such
presumption, and held that the title was not good, and the judgment
entered upon that decision was affirmed in the court of appeals.   The
case is express authority, if authority were needed, for the proposition
that such a lapse of time is not sufficient to warrant the presumption
of death in the case of any man with regard to whom no proof has
been given except that he has not been heard of for a long time.   It
will be noticed in this case that there is no proof of any effort to find
him, and, for aught that appears, he may still be somewhere in the
city of New York.

So, too, it appeared clearly in this case that Elizabeth Wisendanger,
the wife of Henry Wisendanger, was still living.   She was a witness
upon this trial.   As to her, also, these proceedings for the probate of
this will were of no effect whatever.   But it is said that she was not
a necessary party, because she had released her right of dower, by rea-
son of which alone it was necessary that she should be cited to appear.
That matter will be considered later.   It is sufficient to say here
that, unless she had made a valid and operative release of her right
of dower, she was undoubtedly a necessary party to the proceeding for
the probate of this will.   Because of the failure to cite Rudolph
Wisendanger and Elizabeth Wisendanger upon these proceedings the
probate was not evidence as to them, and they are still at liberty to
assert whatever title they have to those premises, and the defendant's
title is not proved.

But it is claimed by the plaintiff that Elizabeth Wisendanger has
an outstanding right of dower in these premises which accrued at the
death of her husband, in 1887.   She was not a party to this action,
and therefore she is not affected in the slightest degree by any judg-
ment which may be rendered herein, but she is still at liberty, if she
sees fit, to assert that right against the plaintiff, precisely as she

might have asserted it against anybody else.     Before the plaintiff can be compelled to take this title in the face of a possible claim on the part of Elizabeth Wisendanger, the defendant is bound to show that the title is not open to a reasonable doubt which may be cast upon it by this outstanding right of dower, and that reasonable doubt exists whenever the title depends upon a disputed question of fact, and the party under whom the right is claimed is not a party to the action in which the disputed question of fact is to be determined.     Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905.     The facts in regard to this right of dower are, shortly, as follows:     Elizabeth Wisendanger and her husband separated some time in the year 1867.     At that time Henry Wisendanger seems to have given to John Schmidt, the brother of Elizabeth, a mortgage for $4,000 upon these premises, in pursuance of the articles of separation between Wisendanger and his wife.     In 1870, Schmidt brought an action to foreclose this mortgage, making Wisendanger and his wife parties defendant.     Wisendanger set up in his answer that, by the agreement between Schmidt, Elizabeth, and himself, it was understood that a release of Elizabeth's right of dower to all his real estate should have been executed by her, but that by mistake it was not executed, and asked that the mortgage, which he said was given under that mistake, be delivered up and canceled. Whether Elizabeth was served in that action or appeared therein is not shown, and there is no recital as to the fact, but the action resulted in a judgment that she execute and deliver to Henry a release of her dower, and, upon that being done, the complaint was to be dismissed. Pursuant to the judgment in that case, and one the 5th of May, 1871, Elizabeth seems to have executed a general release of her right of dower in all real estate of which Henry might be seised.     This release was offered in evidence, and it was insisted by the defendant, and held by the court, that this release was sufficient to bar Elizabeth from any right of dower in these premises.     At the time of the execution of this release Henry Wisendanger was the owner of the premises, and the release, therefore, was of no effect, standing by itself, because during coverture the wife's inchoate right of dower can only be transferred or released to one who already has, or by the instrument of the release acquires, an independent title to the property. Elmendorf v. Lockwood, 57 N. Y. 325.     But the statute provides that if, after coverture, a pecuniary provision shall be made to a wife in lieu of her dower, she shall make her election whether she will take such provision, or whether she will be endowed of the lands of her husband, but she shall not have both.     1 Rev. St. p. 741, § 12.     There is nothing here from which it can be said, as a matter of law, that a pecuniary provision was made for this woman as a consideration for this release. Whether it was so made is a question of fact, to be determined in any action where that question shall arise, and, when so determined, is conclusive as to the parties to that action. but as to nobody else. That question has never been so determined as that Elizabeth Wisendanger is concluded by it so far as the rights of this defendant are concerned.     In Jones v. Fleming, 104 N. Y. 418, the question was presented whether the release by the plaintiff. as widow of James Jones, of her inchoate right of dower in all his estate, was valid, and it was.

held that, as it had been made to appear in the case that a pecuniary provision had been made to her in lieu of her dower, and that provision was a suitable proportion of the estate, she was estopped from claiming dower by virtue of the section of the Revised Statutes cited above. But it is clear in that case that the estoppel was held to exist because of the fact made to appear in the case that the provision which had been received by the plaintiff was suitable, and had been made to her in lieu of dower. In this case, while it may be said that the court was justified in finding as a fact that the payment to Elizabeth Wisendanger, which she received as a consideration for executing the release, was a pecuniary provision in lieu of dower, yet the finding of the fact in that regard does not conclude her, and she is still at liberty to contest it against the plaintiff, if the plaintiff accepts a deed of this property. So, there is no evidence that the provision was a suitable one for her in lieu of dower, because there is not one particle of evidence in the case as to what property Henry Wisendanger owned at the time of his death or when this provision was made. There was, therefore, a disputed question of fact as to the right of Elizabeth to dower in these premises, which was an incumbrance upon this title.

After the probate of the will of Henry Wisendanger, one of the devisees brought an action for a partition of this property. The only persons made parties to that action were the devisees named in his will, and Rudolph Wisendanger, who it appears here was his heir at law, and Elizabeth Wisendanger, who is his wife and possibly entitled to dower in his estate, were not parties to the action. It needs no argument or citation of authority to show that, as far as they are concerned, this judgment has no effect whatever upon their title. The defendant having failed to show a valid will, properly executed, the parties to the partition suit had no title as against the heir at law of Henry Wisendanger, and, while the judgment in the partition action disposed of their rights as between themselves, it had no effect upon the rights of the heirs at law of Henry Wisendanger, who were not parties to it, and therefore it cannot be relied upon as establishing the title, which but for the will would not exist.

For the reasons thus presented, and without considering any others, the judgment appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.