Charles L. Woody, for the motion.

Cyrus V. Washburn, opposed.

PER CURIAM. This is a condemnation proceeding, in which the Appellate Division reversed a final order confirming the report of the commissioners, and directed a new appraisal. The reversal was based solely on the ground that the amount of the award was insufficient. Matter of Brooklyn Union Elevated R. R. Co., 95 App. Div. 108, 88 N. Y. Supp. 426. The determination of this court rested wholly upon the proposition that the commissioners had erred upon a question of fact, to wit, the amount of damage. suffered by the property owners. We did not pass upon any controverted question of law whatever. Under these circumstances there appears to be no element in the case which would give the Court of Appeals jurisdiction to review our order of reversal. The plaintiff has proposed six questions which it desires certified, under the second subdivision of section 190 of the Code of Civil Procedure; but, no matter what answer might be given to any of these questions, it would not follow that this court was wrong in holding that the amount of damages awarded by the commissioners was inadequate as matter of fact. Hence an appeal to the Court of Appeals could avail nothing to the plaintiff.

The mere fact that the presiding justice, in his opinion in this matter, stated what a majority of the court understood to be the basis of appraisement in this class of cases, in the absence of exceptional conditions, does not warrant the conclusion that our reversal was upon the law, instead of upon the facts. His discussion of the measure of damages was merely incidental to the determination that the amount of the award was insufficient, and there is nothing in the opinion giving countenance to the impression which seems to have been conveyed to counsel for the plaintiff that this court deemed any injury caused by noise or vibration in the operation of an elevated railroad recoverable as part of the fee damage. If our decision in this case rested on any proposition of law as to which there was doubt or conflict in the decisions, we should certainly give the unsuccessful party an opportunity to review the correctness of our ruling in the Court of Appeals; but, inasmuch as we reversed solely on the facts, we cannot see that there is anything in the case reviewable by the court of last resort.

The motion is therefore denied.

---

(99 App. Div. 596)

### In re DE RYCKE'S WILL.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. TRUSTS—PERSONALTY BEQUEATHED TO PASSIVE TRUSTEE.

The reason of the rule established by Real Property Law, Laws 1896, p. 570, c. 547, § 73, providing that, if a devise is made to a trustee for the use of the person in whom the right to the profits is intended to be vested, the trustee shall take no estate, being applicable also to per-

sonalty, it should, when bequeathed to a mere passive trustee, vest in the cestuis que trustent freed from any trust.

**2. SAME—TITLE OF BENEFICIARY.**

In view of Real Property Law, Laws 1896, p. 569, c. 547, § 56, providing that every estate devised to two or more persons in their own right shall be a tenancy in common, cestuis que trustent of personalty bequeathed to a passive trustee take the property when freed from the trust as tenants in common.

Appeal from Surrogate's Court, Kings County.

Proceedings for the probate of the will of Emma A. De Rycke, deceased. From a judgment admitting the will to probate, proponent appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James W. McElhinney, for executrix appellant.
John V. Cain, for infant appellants.
Charles H. Kelby, for J. J. De Rycke.

JENKS, J. The executrix and proponent appeals from the decree admitting the will to probate. But examination of the exceptions filed by her shows that they are limited to the first conclusion of law, which determines that the trust created for the benefit of the deceased's two children in the sixth paragraph of the will is invalid. We shall consider that the general terms of the appeal are limited by the exceptions; otherwise the proponent of the will would be the opponent, which is anomalous, if not absurd. The testator, after disposing of certain trinkets, provided as follows:

"All the rest residue and remainder of my estate, real and personal, I give, devise and bequeath to my said sister Catharine Cuffe, in trust for the maintenance and education of my said children, and hereby appoint her trustee of said fund to have and to hold the same as long as said trust may continue."

There is no other disposition made or attempted to be made of her estate. It appears that the testator did not leave any realty. If she had, this mere passive trust of the realty would be avoided, and the beneficiaries would take the legal estate. Rawson v. Lampman, 5 N. Y. 456; Fisher v. Hall, 41 N. Y. 416; Ramsay v. De Remer, 65 Hun, 212, 20 N. Y. Supp. 143; Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4; section 73, Real Property Law (Laws 1896, p. 570, c. 547). The rule takes the estate from the mere passive holder of the legal title, and executes the practical intent by vesting it in the beneficiary. See Townshend v. Frommer, 125 N. Y. 446, 458, 26 N. E. 805; Reeves on Real Property, § 330. As the reason for the rule applies to personal estate, therefore the rule should apply to it as well. In Cochrane v. Schell, 140 N. Y. 516, 534, 35 N. E. 971, 976, Andrews, C. J., says:

"There is a manifest propriety in assimilating as far as practicable the rules governing trusts and limitations of real and personal property, and the tendency in this direction has been very marked in the decisions of the courts. Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236; Cutting v. Cutting, 86 N. Y. 523; Williams v. Thorn, 70 N. Y. 270; Hutton v. Benkard, 92 N. Y. 295; Cook v. Lowry, 95 N. Y. 103."

See, too, Mills v. Husson, 140 N. Y. 99, 104, 35 N. E. 422.

I think that the estate is freed from any trust, and that it is vested in fee in the two children; for the expression "said children" in the said sixth clause demonstrates that the children are Florence and Joseph, who are the sole children theretofore named therein. Their title is that of tenants in common.    Section 56, Real Property Law (Laws 1896, p. 569, c. 547); Mills v. Husson, 140 N. Y. 104, 35 N. E. 424.    The only other question raised before the surrogate is purely one of law, but no exception was taken to his determination.

The decree of the surrogate should be affirmed, with costs.    All concur.