(142 App. Div. 358.)

### WERNER v. WHEELER.

(Supreme Court, Appellate Division, First Department. January 6, 1911.)

1. COVENANTS (§§ 97, 102*)—QUIET ENJOYMENT—WARRANTY—BREACH.
   There is no breach of covenants for quiet enjoyment or warranty of title where the grantee took and retained possession and there has been no attempted eviction.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 137, 157; Dec. Dig. §§ 97, 102.*]

2. COVENANTS (§ 94*)—COVENANT OF SEISIN.
   Since a covenant of seisin is in præsenti, it is breached if a good title in fee simple absolute, with right of possession, is not in the grantor at the delivery of the deed.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 104–109; Dec. Dig. § 94.*]

3. COVENANTS (§ 125*)—ACTION FOR BREACH—MEASURE OF DAMAGES—BREACH OF COVENANT OF SEISIN.
   If the grantee does not elect to recover the purchase price, but, instead, acquires an outstanding title to the property, the amount necessarily paid by him in acquiring such title is usually the measure of damages for breach of covenant of seisin.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 234; Dec. Dig. § 125.*]

4. COVENANTS (§ 125*)— ACTIONS FOR BREACH — COVENANT OF SEISIN—DAMAGES.
   Where the grantee purchased no outstanding title, and accepted a quitclaim deed from the heirs of remote grantors, which vested absolute title in her, before suing for breach of the covenant of seisin, she was only entitled to recover nominal damages therefor, and could not recover the amount of counsel fees and expenses paid in obtaining evidence as to the execution, validity, and recording of the wills of remote grantors.

   [Ed. Note.—For other cases, see Covenants, Dec. Dig. § 125.*]

5. COVENANTS (§ 125*)—SEISIN.
   An outstanding title purchased by the covenantor in his own name before eviction inures to the benefit of the covenantee.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 234; Dec. Dig. § 125.*]

6. COVENANTS (§ 125*)—COVENANT OF SEISIN—BREACH—RECOVERY OF PRICE.
   Upon breach of a covenant of seisin resulting in a complete failure of title, the covenantee may recover the purchase price with interest.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 235; Dec. Dig. § 125.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**7. DESCENT AND DISTRIBUTION (§ 87*)—SALE BY HEIRS.**

Under Code Civ. Proc. § 2628, providing that the title of a purchaser in good faith for value from an heir shall not be affected by a devise of such property unless the will be probated and recorded as a will of realty within four years after testator's death, or be established by a final judgment in an action for that purpose, if a will be not probated within four years after testator's death, a bona fide purchaser for value from an heir after that time acquires good title.

[Ed. Note.—For other cases, see Descent and Distribution, Dec. Dig. § 87.*]

**8. WILLS (§§ 427, 428*)—VALIDITY—PRESUMPTIONS.**

In view of Code Civ. Proc. § 2611, permitting a will to be proved as prescribed in that article, and section 2627, providing that a decree admitting a will of realty to probate establishes, presumptively only, all the matters determined by the surrogate as against a party duly cited, etc., there is no presumption, in absence of evidence, that a will was duly executed, or that devises therein were valid, so that one claiming title by devise as against an heir is bound to establish not only the due execution of the will, which is presumptively shown by probate, but also the validity of the devise.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 916, 917; Dec. Dig. §§ 427, 428;* Judgment, Cent. Dig. § 1303.]

**9. WILLS (§ 205*)—PROBATE—NECESSITY.**

The probate of a will is not essential to vest title in the devisee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 507; Dec. Dig. § 205.*]

**10. COVENANTS (§ 98*)—COVENANTS FOR FURTHER ASSURANCES—NATURE.**

A covenant for further assurances binds the covenantor, his heirs and grantees, to make to the covenantee any further conveyances in the future necessary to vest in him the title to be conveyed, and contemplates interests which could have been, but were not, conveyed by the deed containing the covenant, being breached only by refusal to convey after a proper definite demand by the covenantee, so that such a covenant does not bind the covenantor to obtain evidence of the covenantee's record title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 138; Dec. Dig. § 98.*]

**11. SPECIFIC PERFORMANCE (§ 65*)—PURPOSES OF RELIEF—ENFORCEMENT OF COVENANTS—COVENANTS FOR FURTHER ASSURANCES.**

As a rule, the covenantee may compel specific performance of a covenant of further assurance by requiring the covenantor to convey.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 196; Dec. Dig. § 65.*]

**12. COVENANTS (§ 129*)—FURTHER ASSURANCES—BREACH—EXPENSE OF SUBSEQUENT CONVEYANCES.**

Under Real Property Law (Consol. Laws, c. 50) § 253, subd. 4, requiring a covenant of further assurance in the statutory form to be construed as meaning that the grantor, his heirs, etc., shall at any time upon reasonable request, and at the proper cost of the grantee, execute every further conveyance and assurance, etc., expenses incurred in performing a covenant of further assurance must be borne by the covenantee.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 244; Dec. Dig. § 129.*]

Action by Alma Werner against Mabel Kemp Wheeler. Submission of controversy upon an agreed statement of facts. Judgment for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

John B. Engel, for plaintiff.
Charles M. Bleecker, for defendant.

LAUGHLIN, J. On the 15th day of November, 1906, the defendant conveyed to plaintiff certain premises in the borough of Manhattan, N. Y., described in the submission, by a deed containing covenants of seisin, of quiet enjoyment, of warranty, of freedom from incumbrances except as stated, and that the grantor "will execute or procure any further necessary assurance of the title to said premises." Plaintiff thereupon went into possession under the conveyance and on the 23d day of the same month contracted to convey the premises to one Cohn with a full covenant warranty deed subject only to a mortgage for $8,500. Cohn refused to take title on the ground that defendant was not seised of the title in fee simple at the time she conveyed to plaintiff and that the record title was then in one William Mackenzie. On the 2d day of December, 1873, William Mackenzie, who had formerly resided in the city and county of New York, but who then resided in the city of Manchester, England, executed a power of attorney to one William Matthews, who resided in Flatbush, Kings county, N. Y., by which, among other things, he expressly authorized his attorney to collect, sue for, recover, and receive any moneys then due or that might thereafter grow due to him for principal and interest on bonds and on mortgages or other security, and, on payment, to execute satisfaction or assignments, and with the usual power to do any and all things necessary in the premises. It appears that Mackenzie, in 1895, held a mortgage on the premises in question, and by Louis Hurst, his attorney of record, brought an action in the Supreme Court in the county of New York to foreclose the mortgage. On the sale the premises were struck off to his attorney of record for the sum of $12,000. The attorney assigned the bid to Matthews as attorney in fact for Mackenzie, and the referee's deed was executed in form to Matthews as attorney in fact for said Mackenzie on the 19th day of March, 1896. It is stipulated in the submission that this deed conveyed the fee of the premises. The controversy arises, in part, over the question as to whether the conveyance vested the title in Matthews individually, or in Mackenzie. On the same day Matthews, as attorney in fact for said Mackenzie, executed and acknowledged a conveyance of the premises to one Martha Kemp, who took possession thereunder. The title which she thus received was conveyed by her executors to the defendant on the 29th day of October, 1900, and the defendant took possession thereunder and retained the same until she delivered possession to the plaintiff as already stated. The certificate of acknowledgment to the conveyance by Matthews as attorney in fact sets forth that the conveyance was executed by virtue of said power of attorney which was duly recorded in the office of the register of deeds in the county of New York on the 30th day of December, 1873, to which record reference was made. Cohn refused to take title from the plain-

tiff on the ground that the record title remained in Mackenzie. This objection was evidently made on the theory that the power of attorney was not sufficiently broad to authorize the execution of a conveyance of real estate, and it is not seriously contended that it was. The plaintiff drew the attention of the defendant to these objections to her title and demanded a proper conveyance by which any outstanding claims or interest in Mackenzie or in his heirs or devisees might be conveyed.

Meantime, and on the 5th day of October, 1897, Mackenzie died in England leaving a last will and testament in and by which he devised all of his property to his heirs at law, and his will was duly probated in the Principal Probate Registry of Her Majesty's High Court of Justice, in England. One of the heirs, William Mackenzie the younger, also died on or about the 17th day of December, 1898, leaving a widow, Jessie Mackenzie, and several children, his heirs at law. On said demand being made, the defendant procured and delivered to the plaintiff an unrecorded quitclaim deed to the premises bearing date the 30th of January, 1899, duly executed and acknowledged as required for record here by all of the heirs of William Mackenzie the elder, except the one who had died, and by their wives, and by the widow of the deceased William Mackenzie the younger. This deed recites the foreclosure of the mortgage and the assignment of the bid to the attorney in fact and the conveyance by him as such, and that he duly accounted to his principal for a cash payment received on the sale and conveyance of the premises, and for a mortgage given as security for the balance, and that Mackenzie ratified all of the proceedings of his attorney in fact; that on the 5th day of October, 1897, Mackenzie died a widower, leaving as his only heirs at law those who joined in the quitclaim deed and his son William, who was a citizen of the United States, and leaving a last will and testament, which was duly probated, as already stated, by which he devised and bequeathed all of his real estate to his heirs at law; that his son William Mackenzie thereafter and on or about the 17th day of November, 1898, died, leaving a last will and testament by which he devised and bequeathed all of his estate to his wife, who joined in the quitclaim deed.

The will of William Mackenzie the younger was not produced, nor were its whereabouts or contents known to either party to this submission, other than as recited in the quitclaim deed, at the time the quitclaim deed was delivered, and when the plaintiff contracted to convey the premises to Cohn said will had not been probated or offered for probate.

The plaintiff employed counsel to find and obtain a certified copy of the will of Mackenzie the elder, and to find the will of Mackenzie the younger. The efforts were successful, for it was found and duly probated by the Surrogate's Court of Kings County as a will of both real and personal property, and its effect is as recited in the quitclaim deed. In these matters disbursements aggregating $150 were incurred, and it is conceded that the reasonable value of the services performed by counsel for the plaintiff was the sum of $800. The plaintiff demands judgment for $950, the aggregate of these

two items, and the defendant demands judgment against the plaintiff on the merits.

The record presents two principal questions which required decision, viz.: (1) Whether the referee's deed on foreclosure vested good title in Matthews individually; and (2) whether, if a deed from Mackenzie or his heirs or devisees was required to perfect the title, plaintiff is entitled to recover the costs and expenses incurred by her in obtaining evidence as to the execution, validity, and recording of the Mackenzie wills.

First. The recitals in the quitclaim deed to the effect that Matthews, as attorney in fact, duly accounted to his principal, that part of the consideration on the conveyance of the premises by him as attorney in fact was received in cash, and that a bond and mortgage were taken for the balance and accepted by the principal, are not stipulated as facts for the purposes of the submission, and the submission contains no statement on these subjects. It does not appear from the submission whether Matthews, as attorney in fact, acting under the power of attorney, employed the attorney to foreclose the mortgage, or whether Matthews had charge of that particular mortgage by virtue of his power of attorney, or otherwise, or whether on the assignment of the bid to him as attorney in fact the indebtedness secured by the mortgage was paid, or whether the deed was taken as a substitute for the security, which would be the effect of the proceedings if the mortgage was not paid. It may well be that if Matthews, through the attorney of record, bid in this property for the protection of his principal on the foreclosure of the mortgage and afterwards took title as attorney in fact for his principal, the deed would be deemed a mere substitute for the security and therefore personalty in his hands, and that he would be authorized to sell and convey the premises the same as he was authorized, by assignment or otherwise, to collect the mortgage, and in that view the title would doubtless have vested in him individually. Lockman v. Reilly, 95 N. Y. 64; Haberman v. Baker, 128 N. Y. 253, 28 N. E. 370, 13 L. R. A. 611. In Lockman v. Reilly, supra, and Haberman v. Baker, supra, it was held that land purchased by executors on a foreclosure of a mortgage belonging to the estate is regarded as personal property in their hands, and that whether they take title individually or in their names as executors of the estate, and hold the title in a sense as trustees, for they are accountable to the estate therefor, they may individually convey good title, on the theory that the land is regarded as a substitute for the mortgage, and that therefore the heirs take no title or interest in the premises. If we were permitted to draw inferences from facts stated on a submission, I think it would be a reasonable inference that title was taken by the attorney in fact for the reason that the entire amount due on the mortgage could not be obtained on the foreclosure sale, and that therefore the deed became a substitute for the mortgage; but a submission is only authorized for the decision of questions of law, and on a submission the court is confined to the facts stated and is not permitted to find other facts by inference (Marx v. Brogan, 188 N. Y. 431, 433, 81 N. E. 231), and therefore the case cannot be decided on that theory.

It is further contended that the words in the deed, "as attorney in fact for Wm. Mackenzie," following the name of the attorney in fact, are mere descriptio personæ, and that therefore the conveyance was to Matthews individually. The conveyance runs to the "party of the second part his heirs and assigns, to his and their only proper use, benefit and behoof forever," and if the word "as" had not been used, and it did not appear by the recorded power of attorney that Matthews was the attorney in fact for Mackenzie for certain purposes, then doubtless the words, "attorney in fact for Wm. Mackenzie," following Matthews' name, would be regarded as mere descriptio personæ, and title would be deemed vested in Matthews in his individual capacity. G. L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 31 N. E. 874; Kanenbley v. Volkenberg, 70 App. Div. 97, 75 N. Y. Supp. 8; Towar v. Hale, 46 Barb. 361; U. S. Trust Co. v. Stanton, 76 Hun, 32, 27 N. Y. Supp. 614; Title Guarantee & Trust Co. v. Fallon, 101 App. Div. 187, 91 N. Y. Supp. 497; Pfeiffer v. Rheinfrank, 2 App. Div. 574, 37 N. Y. Supp. 1076.

The use of the word "as" and the nature of the capacity in which it is recited in the conveyance that the grantee took title, in view of the fact that there was a power of attorney from Mackenzie to him on record to which he referred in conveying as attorney in fact, thus showing that he was assuming to act under it, preclude any inference that title was intended to be taken either in Matthews' name or in his right, individually, and clearly show that it was intended to vest title in him in a representative capacity, and that he took nothing for himself. People v. Stock Brokers' Building Co., 49 Hun, 349, 2 N. Y. Supp. 113, affirmed on opinion of General Term, 112 N. Y. 670, 20 N. E. 414; G. L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., supra; Seventh Ward Nat. Bank v. N. Y. El. R. Co., 53 N. Y. Super. Ct. 412. See, also, Stillwell v. Carpenter, 62 N. Y. 639; Leonard v. Pierce, 182 N. Y. 431, 75 N. E. 313, 1 L. R. A. (N. S.) 161; Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262–270, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599.

There are authorities which hold that where a conveyance is made in trust, and the trust is not specified, a valid express trust will be presumed, and a conveyance by the trustee will pass good title, upon the theory that it will not be presumed that such conveyance was in derogation of the trust. People v. Stock Brokers' Building Co., supra; King v. Townsend, 141 N. Y. 358, 364, 36 N. E. 513. In the case at bar, however, if a trust was intended its terms are not stated in the deed, nor does the deed contain any reference thereto by which the validity of the trust or the right of the trustee to convey, which depends upon whether it is in derogation of the trust (Real Property Law [Consol. Laws, c. 50] § 105; Fowler on Real Property [3d Ed.] 483), may be determined; and in view of the rule applicable to submissions, I do not suppose that the court may indulge in any inferences with respect thereto, but is confined to the facts plainly stated. If, however, we are at liberty to speculate concerning the purpose for which the conveyance was made to the attorney in fact, which I think we are not, I am of opinion that, in view of his designation as attorney in fact and of his limited authority under the

power of attorney, the conveyance must be deemed to have been made to him, to hold the premises in trust, not for the performance of an express trust authorized by law, but merely for the use of, and, as agent for, Mackenzie, and that, not being a trust authorized by law, is deemed a passive trust, and the title at once vested in Mackenzie by virtue of the statute. Real Property Law, § 93; La Grange v. L'Amoureux, 1 Barb. Ch. 18; Gueutal v. Gueutal, 113 App. Div. 310, 98 N. Y. Supp. 1002; Wendt v. Walsh, 164 N. Y. 154, 58 N. E. 2; People v. Stock Brokers' Building Co., supra. See, also, Matter of Gawne, 82 App. Div. 374, 81 N. Y. Supp. 861, affirmed 176 N. Y. 597, 68 N. E. 1116; Matter of De Rycke, 99 App. Div. 596, 91 N. Y. Supp. 159; Murray v. Miller, 178 N. Y. 316, 70 N. E. 870. This rule, of course, does not obtain where the grantee is personally interested (King v. Townsend, supra), which, however, is not the case here; or where the cestui que trust is incompetent to take or cannot be identified, for then the grant is void (Murray v. Miller, supra). Since it is not stipulated, and we may not infer, that the consideration was paid by Mackenzie, the case does not fall within the provisions of section 94 of the real property law, which declares that a grant to one person where the consideration is paid by another vests title in the grantor except in two instances therein specified.

If title was in Matthews individually, perhaps the covenants, although made as attorney in fact for Mackenzie, passed his individual title by estoppel. Gerard on Titles to Real Estate (5th Ed.) 566; Tefft v. Munson, 57 N. Y. 97; Crane et al. v. Turner, 67 N. Y. 437. And yet that is not free from doubt since a judgment in a representative capacity does not bind one individually. Leonard v. Pierce, supra. See, also, M. L. I. Co. v. Shipman et al., 119 N. Y. 324, 24 N. E. 177. The conveyance from Matthews was in his name as attorney in fact for Mackenzie, instead of in the proper form of a conveyance by an attorney in fact, which is in the name of his principal by him as attorney in fact (Gerard on Titles to Real Property [5th Ed.] 367); but, inasmuch as the power of attorney contains no grant of authority to convey, it is unnecessary to decide whether the conveyance, if it had been authorized by the power of attorney, would be sufficient to vest title in the grantee.

I am of opinion, therefore, that it cannot be held on this record that the title vested in Matthews individually and passed by his conveyance as attorney in fact.

Second. Even though the deed from the attorney in fact did not convey good title, I am of opinion that plaintiff cannot recover. The grantee has remained in possession and has not asserted a right to rescission and does not seek to recover back the consideration paid. She affirms the purchase of the premises, and the question is whether there has been a breach of a covenant, and whether the damages sought to be sustained are recoverable therefor. The grantee having taken and retained possession, and there having been no attempted eviction, there can of course be no breach of the covenants of quiet enjoyment or of warranty. Clarke v. Priest, 21 App. Div. 174, 179, 47 N. Y. Supp. 489; Gerard on Titles to Real Property (5th Ed.)

568; Am. & Eng. Enc. of Law (2d Ed.) vol. 8, pp. 97, 98, 99, 110, 103, 219, 221. Manifestly there has been no breach of the covenant against incumbrances. The only covenants, then, which require special consideration, are those with respect to seisin and for further assurance.

A covenant of seisin is a covenant in præsenti and is broken if good title in fee simple absolute and right of possession are not in the grantor at the time of the delivery of the conveyance. Mygatt v. Coe, 124 N. Y. 212, 26 N. E. 611, 11 L. R. A. 646; 11 Cyc. 1107; Real Property Law, § 253, subd. 1. Where the grantee does not elect to recover the purchase money and interest, and there is an outstanding title, which he acquires, the amount necessarily paid by him in acquiring it is usually the measure of the recovery. 8 Am. & Eng. Enc. of Law, 187; 11 Cyc. 1158, 1159, 1161, 1162, 1180; Sanders v. Wagner, 32 N. J. Eq. 506; Thomas v. Clement, 11 Rob. (La.) 397; Pate v. Mitchell, 23 Ark. 590, 79 Am. Dec. 114. But here the grantee purchased no outstanding title, and the action was not brought until after acceptance by the grantee of the quitclaim deed, which vested good title in her, and she shows no prior damages by loss of a sale of the premises or otherwise; and therefore I think that only nominal damages could be recovered for the breach of the covenant of seisin. McCarty v. Leggett, 3 Hill, 134; Sutherland on Damages (3d Ed.) § 597. That is the general rule where the outstanding title has been purchased by the covenantor and taken in his own name before eviction, in which case the title so acquired inures to the benefit of the covenantee. Burr v. Todd, 41 Pa. 207; Tefft v. Munson, supra; 8 Am. & Eng. Enc. of Law (2d Ed.) 194.

But such nominal damages are not asked by the submission. Plaintiff was not obliged to accept the quitclaim deed, either with or without the production of or proof of the wills; and she could have stood on the breach of the covenant of seisin, which entitled her to recover the purchase money and interest if there was a complete failure of title. Staats v. Executors of Ten Eyck, 3 Caines, 111, 2 Am. Dec. 254. But, since she elected to affirm the sale, she could perhaps, if she had not accepted the deed, and possibly after accepting it, have made a prima facie case by the record and have left it to defendant to show the subsequently acquired title and to produce the wills as evidence thereof in mitigation of damages, provided the covenantee were willing to accept title at that time. Resser v. Carney, 52 Minn. 397, 54 N. W. 89; Tucker v. Clarke, 2 Sandf. Ch. 96; Wooley v. Newcombe, 87 N. Y. 605. Plaintiff having accepted the quitclaim deed, however, the case is the same, I think, as if she had accepted such deed originally without requiring evidence as to the wills and thereafter demanded such evidence, and, on the refusal or neglect of the covenantor to produce it, obtained it herself and then brought the action. If the quitclaim deed had been delivered to and accepted by plaintiff originally, there would have been no breach of the covenant of seisin, for she thereby in fact obtained good title; but she would then have been, as she was later on after accepting the deed, without the proper evidence to show her title. She does not seek to recover the cost of obtaining further title, but the expenses incurred in obtaining evi-

dence of her title. She has herself obtained the evidence to show that she obtained good title, and she has thereby relieved defendant of any obligation she might have been under of showing, in an action for breach of covenant, the due execution and contents of the wills upon which the title conveyed by the quitclaim deed depended. Under the covenant of seisin an outstanding title may be purchased at the expense of the covenantor, but not mere evidence of existing title in the covenantee.

Of course, assuming that title vested in Mackenzie, an action for the specific performance of a contract to take title to the premises would not lie without the production of the evidence with respect to the Mackenzie wills showing that they were executed in due form and that the devises of the real estate therein were valid, and by probate or otherwise that they had become matters of record, for, if a will be not probated within four years, a bona fide purchaser gets good title from the heir. Code Civ. Proc. § 2628; Thorn v. Sheil, 15 Abb. Prac. (N. S.) 81; Norris v. Norris, 63 How. Prac. 319. And, in the absence of evidence by the production of a will or otherwise, there is no presumption that the will was duly executed, or that the devises thereunder are valid, and therefore it is incumbent upon one claiming title by devise, as against the heir, to establish not only the due execution of the will, which is presumptively shown by its probate, if probated here, but also the validity of the devise. Code Civ. Proc. §§ 2627, 2611; Dworsky v. Arndstein, 29 App. Div. 274, 51 N. Y. Supp. 597; Matter of Will of Merriam, 136 N. Y. 58, 32 N. E. 621; Ledwith v. Claffey, 18 App. Div. 115, 117, 45 N. Y. Supp. 612; Matter of Law, 56 App. Div. 454, 67 N. Y. Supp. 857; Carr v. Anderson, 6 App. Div. 6, 39 N. Y. Supp. 746; Matter of Gaines, 84 Hun, 520,[1] affd. 154 N. Y. 747, 49 N. E. 1097; Gerard on Titles to Real Property (5th Ed.) 367. The probate, however, of the will is not essential to vest title in the devisee (Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628), and it is not claimed that it was, and here the grantee was in possession and had accepted the quitclaim deed, which concededly gave her good title.

The only possible theory, therefore, on which there can be any right of action on the facts stated in the submission is for a breach of the covenant for further assurance. That covenant did not obligate the defendant to obtain the evidence of the plaintiff's record title in question. Such a covenant is in the nature of an agreement to convey in the future, and it obligates the covenantor and his heirs and grantees to make any further conveyance necessary to vest in the covenantee the title intended to be conveyed, and it relates to an interest which could have been, but was not, conveyed by the deed containing the covenant, and it is broken only by refusal or omission to convey after a proper definite demand, and a bill in equity will ordinarily lie for specific performance. 11 Cyc. 1073–1121; 8 Am. & Eng. Enc. Law (2d Ed.) 219; Gerard on Title to Real Property (5th Ed.) p. 571; Hallet v. Middleton, 1 Russ. (46 Eng. Chancery, 214) 243; Fain v. Ayers, 1 Russ. (46 Eng. Chancery, 229) 259; Armstrong v. Darby, 26 Mo. 517; Miller v. Parsons, 9 Johns. 336; Coeby v. Osgood, 29 Barb. 339; Ernst v. Parsons, 54 How. Prac. 163.

[1] 32 N. Y. Supp. 398.

Section 253, subd. 4, of the real property law, provides that the covenant that the grantor will "execute or procure any further necessary assurance of the title to said premises," or a similar covenant, "must be construed as meaning that the grantor or his heirs, or successors, and all and every person or persons whomsoever lawfully or equitably deriving any estate, right, title or interest of, in, or to the premises conveyed by, from, under, or in trust for him or them, shall and will at any time or times thereafter upon the reasonable request, and at the proper costs and charges of the grantee, his heirs, successors and assigns, make, do and execute, or cause to be made, done and executed, all and every such further and other lawful and reasonable acts, conveyances and assurances in the law for the better and more effectually vesting and confirming the premises thereby granted or so intended to be, in and to the grantee, his heirs, successors or assigns forever, as by the grantee, his heirs, successors or assigns, or his or their counsel learned in the law, shall be reasonably advised or required."

It may be that under this covenant the covenantor and his heirs and grantees might be compelled by an action for specific performance to surrender or file title papers in his or their possession essential to the covenantee's title. See Hallet v. Middleton, supra; Fain v. Ayers, supra. But it is not necessary to express an opinion on that question now, for it is not claimed that either will or a certified copy thereof was in the possession of the defendant.

The plaintiff is not entitled to recover on this covenant for the further reason that expenses incurred in complying with the covenant for further assurance must be borne by the covenantee. Section 253, subd. 4, Real Property Law.

It follows, therefore, that the defendant is entitled to judgment, with costs.

McLAUGHLIN, J., concurs in result. INGRAHAM, P. J., and MILLER and DOWLING, JJ., concur on second ground.