## ULLMAN–EINSTEIN CO. v CRIMMINS.

(Supreme Court, Appellate Division, Third Department.   March 18, 1915.)

ABATEMENT AND REVIVAL ⬅➡67—DEATH OF PARTY DEFENDANT—STAY OF PRO-
CEEDINGS.

The death of a party defendant, after procuring an order to show
cause why a default should not be opened and staying all the proceed-
ings on the judgment until the determination of the motion, suspended
all proceedings in the action, except to revive it in the name of his legal
representatives; and hence orders postponing the argument on the order
to show cause, and setting aside the default judgment, and a proceeding
to review such orders, were unauthorized, and an appeal from such
orders would be dismissed, leaving the case as it stood at the death of
the defendant.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig.
§§ 335–345;  Dec. Dig. ⬅➡67.]

Appeal from Special Term, Broome County.

Action by the Ullman-Einstein Company against David J. Crim-
mins.   From an order staying all proceedings until a representative
of the defendant could be appointed, and an order opening the default
and allowing 20 days in which to serve answer, plaintiff appeals.   Dis-
missed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

T. B. & L. M. Merchant, of Binghamton, for appellant.
George F. Morss, of Camden, for respondent.

SMITH, P. J.   The situation presented by the papers herein is
somewhat complicated.   Plaintiff had procured a judgment by default
against the defendant named.   Upon this judgment execution was
issued and a levy made.   Thereafter defendant, through his attorney,
procured an order to show cause why the said default should not be
opened, and in that order to show cause all proceedings upon the
judgment were stayed until the hearing and determination of the mo-
tion.   This order to show cause was returnable October 13, 1913.
After the granting of the order to show cause, and upon October 8th,
the defendant had died.   The first order appealed from was made
upon the 13th of October, and provided that all proceedings be stayed
for ten days, "until a representative of the defendant can be appointed,
and that the respective parties to this action on or before October 18,
1913, submit their briefs."   Thereafter, the plaintiff's attorneys and
defendant's attorney having submitted their briefs, an order was made
opening the said default and allowing the defendant 20 days in which
to serve his answer.   From these two orders the plaintiff appeals, upon
the ground that they were improperly made, as at the time of their en-
try no representative had been appointed for the deceased defendant.
The notice of appeal was apparently served upon the county clerk and
upon Morss, the former attorney of the defendant Crimmins.

It is not denied that at the time these orders were made no personal
representative had been appointed of the deceased defendant.   Nor is

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

there any assertion here upon the brief, or claim, that at the time this appeal was taken there was any such representative. No substitution has been made in the case, and the notice of appeal is directed to Morss, as the attorney for the defendant respondent.

The death of the defendant suspended all proceedings in the action, except to revive it in the name of the legal representatives of the defendant. Piering v. Henkel (City Ct. N. Y.) 2 N. Y. Supp. 413. The entry of the order postponing the argument, and also the entry of the order setting aside the judgment, was therefore unauthorized. Equally unauthorized is this proceeding to review those orders. No proceeding can be taken in the action until the representative of the defendant has been brought in, or at least until notice is served upon such representative, or, if no representative be appointed, upon the persons interested in the property or claim. The order to show cause, containing the stay until the hearing and determination of the motion to open the default, is therefore still in force, and the case remains in the exact position in which it was at the time of the death of the defendant. This appeal should therefore be dismissed, but without costs.

Appeal dismissed, without costs. All concur.