In the Matter of MINNIE NAGOURNEY, as Administratrix of the Estate of ISAAC NAGOURNEY, Deceased, Appellant. LEON NAGOURNEY, Respondent.— Decree of the Kings County Surrogate's Court affirmed, with costs, payable out of the estate. No opinion. Close, P. J., Hagarty and Aldrich, JJ., concur; Johnston and Lewis, JJ., dissent and vote to reverse the decree and to remit the proceeding to the Surrogate's Court for the entry of a decree directing respondent to deliver the certificate to appellant, with the following memorandum: The respondent is a brother of the decedent. During the latter's lifetime the respondent, the holder of two certificates issued by Prudence-Bonds Corporation, requested the corporation to issue, instead, a single certificate payable to himself as trustee for the decedent. Thereafter, the respondent deposited the interest paid upon the certificate in an account which was in his name in trust for the decedent. The direction to transfer the certificate and the deposit of the interest thereon in a trust account were proved by the respondent's own testimony. Except as already indicated, the substance of the respondent's testimony was that the original certificates had been purchased with his own money. The certificate had been introduced in evidence by the appellant, who had then rested. It is not essential to the creation of a trust that the settlor use any of the funds of the beneficiary, that he notify the beneficiary or that the property be delivered to him. Since the respondent named himself as trustee, his retention of the certificate was consistent with an intention to create a trust. (*Matter of Brown*, 252 N. Y. 366.) Unquestionably, the respondent's intention at the time he effected the transfer of the certificate to himself as trustee must govern the decision as to whether a trust was created. In our opinion, the respondent clearly and unequivocally manifested an intention to deal with the certificate as trust property by directing that it be issued in his name as trustee for his brother. The introduction in evidence of the certificate established, at least prima facie, that such was the respondent's intention. Although failure to notify a beneficiary of the creation of a trust may be some evidence, either of an intention not to create a trust

immediately or that the creator reserves a power of revocation (Restatement, Trusts, § 36, comment b, p. 119), the respondent is not in a position to assert such lack of notice for he did not testify that he had or had not notified the decedent of the certificate's existence. The respondent stresses the fact that he was not questioned as to his intention. But such failure militates against him; it does not act in his favor. In the absence of evidence of a contrary intention, the appellant established the respondent's manifestation of a trust intention by introducing the certificate in evidence. (Restatement, Trusts, § 24.) The respondent in his testimony failed to detract from the force of the appellant's prima facie case. He offered no evidence to show that it was his intention to delay the creation of a trust or to reserve a power of revocation. And since there is no evidence of the reservation of any power of revocation or of any limitation upon the duration of the trust, the fact that the beneficiary predeceased the respondent did not have the effect of revoking or terminating the trust. The savings bank deposit cases cited by the respondent are inapplicable, for in those cases the courts have been guided in the ascertainment of intention by well-recognized practices of depositors. Since no duties remained to be performed by the trustee in this case, and by analogy to section 93 of the Real Property Law, the trust was executed. (*Matter of De Rycke,* 99 App. Div. 596; *Matter of Berliner,* 267 App. Div. 999, 1000; see, also, Note, 97 A. L. R. 729.) · The decedent having had title to the certificate, it should have been delivered to his administratrix, the appellant.